CHICAGO, R. I. & P. R'Y CO. v. TERRITORY.

No. 2086, Okla. T. Opinion Filed June 22, 1908.

(97 Pac. 267.) .

APPEAL AND ERROR—Actual Controversy—Hypothetical Case. The Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

(Syllabus by the Court.)

*Error from District Court, Garfield County; M. C. Garber, Trial Judge.*

Regulation of freight rates. Suit by Oklahoma Territory against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Action dismissed.

*M. A. Low, Blake, Blake & Low, J. C. Roberts,* and *I. G. Conkling,* for plaintiff in error.

·  *Charles West, Attorney General, W. O. Cromwell, ex-Attorney General,* and *Fred M. Elkin,* for defendant in error.

KANE, J.    This was a suit praying for an injunction, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, in the district court of Garfield county, Okla. T.   The facts, as disclosed by the petition, are as follows:

"The plaintiff says that it is a territory of the United States, organized and incorporated under the acts of Congress of the United States, and entitled to sue in the courts therein established, and in all other competent courts.   That the defendant is a railroad corporation organized and incorporated under the laws of one or more of the states or territories of the United States, which one is unknown to the plaintiff.   That the said defendant is operating a line of railroad through the County of Garfield and other portions of the territory of Oklahoma.   That by Act Cong. June 27, 1890, 26 Stat. at Large, p. 181, c. 633, defendant, Chicago, Rock Island & Pacific Railway Company, was granted and undertook all the burdens and rights granted to and imposed upon the Chicago, Kansas & Nebraska Railway Company, a corporation, heretofore organized and incorporated under the laws of one of the states or territories of the United States, which one is unknown to plaintiff.   That said last-named corporation, Chicago, Kansas & Nebraska Railway Company, was granted right of way through the territory of Oklahoma upon certain conditions; that all of those rights and conditions were transferred to defendant; that among said conditions by said act of Congress it was enacted that said defendant should not charge the inhabitants of said territory a greater rate of freight than the rate authorized by the laws of the state of Kansas for services of transportation of same kind; that the laws of the state of Kansas on rate for transportation of freight, to-wit, wheat, in said state is:   For 25 miles 6 cents per hundred pounds; for 30 miles 6½ cents per hundred pounds; for 35 miles 7 cents per hundred pounds; 45 miles 7½ cents per hundred pounds; for 50 miles 8 cents per hundred pounds; for 55 miles 8 cents per hundred pounds; for 75 miles 8½ cents per hundred pounds; for 85 miles 9½ cents per hundred pounds; for 95 miles 10 cents per hundred pounds; for 105 miles 10½ cents per hundred pounds; for 115 miles 11 cents per hundred pounds;

for 125 miles 11½ cents per hundred pounds; for 135 miles 12½ cents per hundred pounds; for 150 miles 14 cents per hundred pounds; for 200 miles 15¼ cents per hundred pounds.

"That said defendant, in violation of the said conditions under which it now occupies its right of way, and in violation of said acts of Congress, and in violation of law, and in violation of the rights of the plaintiff and of the inhabitants of said territory of Oklahoma and the shippers of wheat therein, now charges for transportation of wheat, according to its local distance tariff: For 25 miles 7 cents per hundred pounds; for 30 miles 7½ cents per hundred pounds; for 35 miles 8 cents per hundred pounds; for 45 miles 8½ cents per hundred pounds; for 50 miles 9 cents per hundred pounds; for 55 miles 9 cents per hundred pounds; for 75 miles 9½ cents per hundred pounds; for 85 miles 10½ cents per hundred pounds; for 95 miles 11 cents per hundred pounds; for 105 miles 11½ cents per hundred pounds; for 115 miles 12 cents per hundred pounds; for 125 miles 12½ cents per hundred pounds; for 135 miles 13½ cents per hundred pounds; for 150 miles 14½ cents per hundred pounds; for 200 miles 15½ cents per hundred pounds.

"That the demand, collection, and receiving by the defendant of said charges last enumerated, in so far as they are larger than those authorized by the laws of the state of Kansas, for the shipping of wheat, is an unlawful act and omission, which renders other persons, to-wit, the inhabitants of said territory of Oklahoma, and the shippers therein, and the territory of Oklahoma, insecure in the use of their property, to-wit, the public right to ship wheat over defendant's line, at a rate of not exceeding that authorized by the laws of the state of Kansas, as aforesaid; and the maintenance of said demand and collection and receipt of said overcharges by said defendant is a public and common nuisance. That defendant is a common carrier of freight in said territory and in said county of Garfield, and the maintenance of said common nuisance is an irremediable injury to the plaintiff, against which it has no adequate remedy at law; that said offense continues daily, and is daily committed by defendant, and defendant threatens to continue the same indefinitely. That said charging, collecting, and receiving by said defendant of said rate of tariff, in addition to said rates authorized by the laws of the state of Kansas, grossly injures the person and property of said inhabitants of the territory of Oklahoma and of this plaintiff, and by reason of the multiplicity of

said acts plaintiff has no remedy according to the course of common law.

"Wherefore plaintiff asks that defendant be forever restrained and enjoined from demanding, collecting, receiving, or charging, directly or indirectly for the transportation of freight and goods, according to local distance rates more than 6 cents per hundred pounds for 25 miles; 6½ cents per hundred pounds for 30 miles; 7 cents per hundred pounds for 35 miles; 7½ cents per hundred pounds for 45 miles; 8 cents per hundred pounds for 50 miles: 8 cents per hundred pounds for 55 miles; 8½ cents per hundred pounds for 75 miles; 9½ cents per hundred pounds for 85 miles; 10 cents per hundred pounds for 95 miles; 10½ cents per hundred pounds for 105 miles; 11½ cents per hundred pounds for 115 miles; 11½ cents per hundred pounds for 125 miles; 12½ cents per hundred pounds for 135 miles; 14 cents per hundred pounds for 150 miles; 15¼ cents per hundred pounds for 200 miles; and for such other relief as the equity of the same may warrant, and for costs of this action."

To this petition the defendant filed its answer, in words and figures as follows, to-wit:

"Comes now the above-named defendant, and for answer to the petition herein filed: First, denies each and every allegation of the said petition contained, and not hereinafter specifically admitted: Second, said defendant, further answering, says that the said court has no jurisdiction of the subject-matter of said action; said jurisdiction being vested exclusively in the Interstate Commerce Commission of the United States and the Circuit Courts of the United States; third, said defendant, further answering, states that the Attorney General of the said territory has no jurisdiction or authority to commence, maintain, or prosecute the said action, for the reason that, under the acts of Congress relating to the subject-matter of the said action, jurisdiction and authority to commence, maintain and control said action is vested exclusively in the Interstate Commerce Commission of the United States and the Attorney General of the United States."

Thereafter, on the 19th day of October, 1906, pursuant to notice served, an application for a temporary injunction, as prayed for in the petition, was heard, which application was by the court

granted, and an order issued and entered, in words and figures, as follows:

"And now, on this October 19, 1906, the plaintiff being present by W. O. Cromwell, Attorney General, and Charles West, special attorney, and the defendant by C. O. Blake, its attorney, the application of the plaintiff for temporary order of injunction comes on to be heard. Both parties offered evidence, and each rested, and the court finds for the plaintiff, and against the defendant, that the allegations of the petition and its application are true, and that the plaintiff should have a temporary writ of injunction, as prayed in the petition. It is therefore considered, ordered, and adjudged by the court that the defendant, Chicago, Rock Island & Pacific Railway, be restrained and enjoined from demanding, collecting, receiving, or charging, directly or indirectly, for the transportation of freight upon its local distance rates more than 6 cents per hundred pounds for 25 miles haul of wheat shipped in car load lots; 6½ cents per hundred pounds for 30 miles; 7 cents per hundred pounds for 35 miles; 7½ cents per hundred pounds for 50 miles; 8 cents per hundred pounds for 55 miles; 8½ cents per hundred pounds for 75 miles; 9½ cents per hundred pounds for 85 miles; 10 cents per hundred pounds for 95 miles; 10½ cents per hundred pounds for 105 miles; 11 cents per hunderd pounds for 115 miles; 11½ cents per hundred pounds for 125 miles; 14 cents per hundred pounds for 135 miles; 14½ cents per hundred pounds for 150 miles; 15¼ cents per hundred pounds for 200 miles; and that higher than the said rate be not charged, collected, or demanded for any distance less than 5 miles short of the distance named above; and that the same be in force and effect until the further order of the court herein, and until the final hearing of this case. without bond (to which the defendant excepted at the time by its attorney, and upon application, for good cause, was given 60 days to serve case-made for appeal to the Supreme Court, and the plaintiff, 15 days after service of the same, to suggest amendments thereto, and the same to be signed and settled upon 5 days' notice in writing by either party.) That this order shall not take effect until the expiration of the time so allowed to make and settle said case, and 17 days' additional time to file said appeal."

From the foregoing order the defendant appealed to the Supreme Court of the territory of Oklahoma, and the case was trans-

ferred to the Supreme Court of the state, under terms of the enabling act and the schedule to the Constitution.

The part of the act of Congress under which the relief prayed for was granted reads as follows:

"That said railroad company shall not charge the inhabitants of said territory a greater rate of freight than the rate authorized by the laws of the state of Kansas for services or transportation of the same kind: Provided, that passenger rates on said railway shall not exceed three cents per mile. Congress hereby reserves the right to regulate the charges for freight and passengers on said railway and messages on said telegraph and telephone lines, until a state government or governments shall exist in said territory within the limits of which said railway, or a part thereof, shall be located; and then such state government or governments shall be authorized to fix and regulate the cost of transportation of persons and freights within their respective limits by said railway; but Congress expressly reserves the right [to] fix and regulate at all times the cost of such transportation by said railway or said company whenever such transportation shall extend from one state into another, or shall extend into more than one state: Provided, however, that the rate of such transportation of passengers, local or interstate, shall not exceed the rate above expressed: And provided further, that said railway company shall carry the mail at such prices as Congress may by law provide; and until such rate is fixed by law the postmaster general may fix the rate of compensation." (Act March 2, 1887, § 4. c. 319, 24 Stat. 447.)

Practically the same questions are raised in this case as were raised in No. 2,085, *Chicago, Rock Island & Pacific Railway Company v. Territory of Oklahoma, ante,* this volume, 97 Pac. 265, which was dismissed this term of court, for the reason that the change from a territorial form of government to statehood so changed conditions that the questions involved, while they may have been vital enough at the time the cases were appealed to the Supreme Court of the territory, are now merely abstract, hypothetical questions, from the determination of which no practical relief can follow. The act of Congress providing, "that said railroad company shall not charge the inhabitants of said territory

a greater rate of freight than the rate authorized by the laws of the state of Kansas," also provides that "Congress hereby reserves the right to regulate the charges for freight and passengers on said railway * * * until a state government or governments shall exist in said territory within the limits of which said railway, or a part thereof, shall be located; and then such state government, or governments, shall be authorized to fix and regulate the cost of transportation of persons and freights within their respective limits by said railway."

The state government now has full power to regulate the charges for intrastate freight and passenger traffic on said railway, and we believe this case falls within the rule laid down in case No. 2,085, *supra,* and on the authority thereof should be dismissed. It is so ordered.

All the Justices concur.