## JONES v. EAST.

No. 2127.   Opinion Filed October 15, 1912.

(127 Pac. 261.)

APPEAL AND ERROR—Review—Abstract Questions.   The Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical result can follow.

(Syllabus by the Court.)

*Error from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

Action by Lillian Jones against Will East.   Judgment for defendant, and plaintiff brings error.   Dismissed.

*L. M. Keys,* for plaintiff in error.

*Richard A. Billups,* for defendant in error.

DUNN, J.   This case presents error from the district court of Kiowa county.   October 15, 1910, plaintiff in error, as plaintiff, filed in the district court of Kiowa county her petition, duly verified, and caused summons to issue from said court as provided by law.   The said petition prayed a temporary injunction against the defendant in error, as defendant, enjoining him from entering upon or attempting to enter certain land described therein.   It appears that plaintiff's grantor and defendant had entered into negotiations looking to the leasing of said land; the question of the consummation thereof being the one mooted on the trial.   The trial judge granted a temporary injunction, restraining the defendant from going upon the land.   On notice, the same was dissolved, to reverse which proceedings in error have been brought.

The lease, if made, was for the use of the land involved for the year 1911, which has now long since passed; hence it is manifest that any order which we might now make in the case could not in any wise affect the substantial merits of the controversy,

and it is seldom that a court will determine a case simply for the purpose of determining the costs. The question presented by the briefs of counsel, due to the foregoing facts, are now abstract or hypothetical, and entirely disconnected from the granting of any actual relief, or from the determination of which any practical relief could follow. Under these circumstances, this court has uniformly declined to consider such cases on their merits. *Chicago, R. I. & P. Ry. Co. v. Territory,* 21 Okla. 334, 97 Pac. 267; *Miller et al. v. Ury,* 23 Okla. 546, 102 Pac. 112; *Hodges v. Schafer,* 23 Okla. 404, 100 Pac. 537; *Moore v. Wilson et al., post,* 127 Pac. 260.

The cause is accordingly dismissed.

KANE and HAYES, JJ., concur; TURNER, C. J., and WILLIAMS, J., absent.