MOORE v. WILSON, *President of State Board of Education, et al.*

No. 4040.. Opinion Filed October 15, 1912.

(127 Pac. 260.)

*Error from District Court, Grady County;*
*J. J. Carney, Assigned Judge.*

Action by J. Alexander Moore against R. H. Wilson, as President of the Board of Education of the State of Oklahoma, and others. From an order dissolving a temporary injunction, plaintiff brings error. Dismissed.

*A. J. Morris* and *F. E. Riddle,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *R. E. Gish,* Asst. Atty. Gen., for defendants in error.

KANE, J.   This cause comes on to be heard upon a motion to dismiss, upon the following grounds:

"1.   That plaintiff in error has not complied with rule 7 of this court, in that petition in error was filed June 4, 1912, and no brief on behalf of appellant has been filed to this date.   No request for additional time is requested by counsel nor allowed by the court.

"2.   That said appeal was taken from an order of the district court, made after hearing, dissolving a temporary injunction theretofore granted on an *ex parte* application.   That the principal relief asked by plaintiff was an injunction against the defendants interfering with him as president of the Industrial School for Girls at Chickasha during the term of his office, which was alleged to be one year from July 1, 1911, to July 1, 1912. That after dissolving said temporary injunction, or sustaining a motion of defendants to that effect, said district court suspended and superseded said order pending and conditioned upon the plaintiff perfecting an appeal to the Supreme Court within 30 days.   That by virtue of said supersedeas, plaintiff in error remained in possession of said office during the whole of his term. That his said term of office is now ended, another president has been elected, qualified, and entered upon the duties of said office for the school year beginning September, 1912, and plaintiff in error has and claims no title nor color of title to said office at the present time.   That by reason thereof the subject-matter of said appeal and the grounds upon which this court would give relief to plaintiff in error, if at all, have ceased to exist and the said appeal now presents but a moot question."

Each of the above grounds is sufficient to warrant a dismissal.   The motion to dismiss must, therefore, be sustained.

TURNER, C. J., and WILLIAMS and DUNN, JJ., concur; HAYES, J., absent, and not participating.