## CARNEY v. BROWN, Gdn.

No. 15693—Opinion Filed Oct. 5, 1925.

Rehearing Denied Oct. 29, 1925.

1. **Appeal and Error—Review—Probate Proceedings—District Court—Jurisdiction.**

On proceedings in error to this court to review a judgment of the district court in settling a guardian's annual account on appeal from an order of the county court surcharging the account and refusing authority to the guardian to pay out certain sums in execution of his trust, the judgment of the district court is supported by indubitable jurisdiction, and where no question is presented there as to the sufficiency of the evidence to support such judgment, the same will be affirmed.

2. **Same—Hypothetical or Abstract Questions not Determined.**

In such a case, where the jurisdiction of the district court to enter a certain order in a different and independent proceeding is questioned, and it is sought to have that question determined in the instant case, this court will refuse so to do, for the reason that the jurisdiction to enter said order is not germane to the issues in the instant

case, and is wholly disconnected with the granting of relief herein.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action of the county court in disallowing certain items of a guardian's report of H. R. Brown, guardian of Walton Carney, an incompetent, and surcharging others, reversed by the district court on appeal. To review this judgment of the district court the incompetent ward, through the United States Probate Attorney as next friend, brings the case here. Affirmed.

Prior to March 22, 1924, Walton Carney, an adjudged incompetent and then under guardianship, filed his application in the county court of Pittsburg county, through Mary Pickens Carney, as next friend, alleging his restoration to competency, and asking for a hearing to determine the same. On hearing had, the county court denied such application, and on appeal to the district court and trial de novo, that court likewise denied the application. Proceedings in error to review this judgment were duly perfected and the cause was docketed in this court under the style and number, "Walton Carney, by His Next Friend, Mary Pickens Carney, v. H. R. Brown, Guardian, No. 15452." On March 22, 1924, the district court entered an order in that case styled "Order Taxing Costs," which order recited that it was entered "on the request of the parties hereto." By this order the guardian, H. R. Brown, was directed to pay the referee's fee forthwith, which was taxed at $250; the court reporter, for making up the case-made, $79.20; clerk of the Supreme Court as cost deposit, $25; Arnote, McCain & Emery, attorneys representing the incompetent on his application for restoration to competency, the sum of $250 at the time of filing their brief in the Supreme Court, and $250 upon final decision of the case by the Supreme Court. Thereafter, and on May 14, 1924, H. R. Brown, guardian, filed his annual report in the county court, crediting himself with the $250 paid to the referee by order of the district court, and asking for an order of the county court authorizing him to pay the other items directed to be paid by the above mentioned order of the district court. The United States Probate Attorney filed exceptions to the guardian's report covering each of the items directed to be paid by the order of the district court, and on June 5, 1924, the county court sustained each and all of

the exceptions to the report, surcharged the guardian's account with the $250 paid to the district court referee, and ordered him not to pay the other items so directed to be paid. From this order of the county court, an appeal was taken to the district court on questions of both law and fact. After hearing had in that court, on June 12, 1924, judgment was entered reversing the above mentioned order of the county court, and directing the payment of the above mentioned items by the guardian. After unsuccessful motion, for new trial, the probate attorney has brought the case here for review by petition in error with case-made attached.

Robert Crockett, U. S. Probate Atty., for plaintiff in error.

Kent V. Gay, for defendant in error.

Opinion by LOGSDON, C. There are 12 assignments of error in the petition in error, but all are comprehended and presented under two propositions stated in the brief of plaintiff in error thus:

(1) The district court was without jurisdiction to enter the so-called "order taxing costs."

(2) The county court had exclusive jurisdiction to order the payment of the several items herein complained of.

These propositions will be considered in inverse order. It is disclosed by the record that the guardian, H. R. Brown, paid to the district court referee the sum of $250 as directed by the district court, and thereafter filed his annual account in the county court, asking that he be credited with the amount of this payment. He also set forth in his account the other items directed by the district court to be paid out by him, and asked for an order by the county court authorizing such payments. No question is or could be raised by defendant in error as to the jurisdiction of the county court to pass upon this annual account so filed. Neither can plaintiff in error successfully contend that upon appeal by the guardian from the order of the county court, surcharging his account with the $250 paid to the referee, the district court did not acquire full and complete jurisdiction to hear and determine the matter de novo. Comp. Stat. 1921, sec. 1424. No question is raised here as to the judgment of the district court reversing the order of the county court being contrary to the evidence or against the clear weight thereof. No question of fact is raised or presented by the briefs. Such being the case, it must be presumed that

upon the hearing de novo sufficient evidence was produced to justify the action of the trial court under the provisions of Comp. Stat. 1921, sec. 1463, which reads:

"Every guardian must be allowed the amount of his reasonable expenses incurred in the execution of his trust, and he must have such compensation for his services as the court in which his accounts are settled deems just and reasonable."

It being unquestionably the law that upon appeal in probate matters, where the appeal is taken upon both questions of law and fact, the district court acquires and exercises the same jurisdiction as the county court and is authorized to render such judgment as the county court should have rendered, and no question of fact being raised in this proceeding, it follows that there is no merit in the second proposition urged by plaintiff in error.

As to the first proposition, that the district court was without jurisdiction to enter its original order taxing the costs of the hearing for determination of the incompetent's restoration to capacity to the guardian, and directing him to pay the same, this presents merely a hypothetical and moot question disconnected from the granting of any relief in this proceeding. No appeal was taken from that order, and the judgment from which this appeal is prosecuted was entered in a probate proceeding of which the district court had indubitable jurisdiction. This court will not determine such questions. Conley v. Overholser, 22 Okla. 623, 98 Pac. 331; Greer County Election Board v. Elliott, 26 Okla. 546, 109 Pac. 731; Jones v. East, 33 Okla. 604, 127 Pac. 261; State ex rel. Friend v. Cummings, 47 Okla. 44, 147 Pac. 161; Provens v. Ryan, 57 Okla. 175, 156 Pac. 351.

The judgment of the trial court should be in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1078, § 3062. (2) 4 C. J. p. 649, § 2541.