ANDERSON-PRICHARD REFINING CORPORATION v. BOARD OF COUNTY COMM'RS OF OKLAHOMA COUNTY et al.

*97 P. 2d 5.*

No. 29046.   Nov. 21, 1939.

Rehearing Denied Dec. 19, 1939.

Jarman, Brown, Looney & Watts, of Oklahoma City, for plaintiff in error.

Lewis R. Morris, County Attorney, B. C. Logsdon, Asst. County Attorney, and G. A. Paul, all of Oklahoma City, for defendants in error.

PER CURIAM.   This proceeding was commenced in the district court of Oklahoma county to enjoin the performance under a contract entered into between the board of county commissioners of Oklahoma county with relation to a W. P. A. project. Judgment was for the defendants denying the injunction, from which the plaintiff appeals. The petition in error was filed January 12, 1939.

On October 20, 1939, the board of county commissioners of Oklahoma county, joined by the Southern Rock Asphalt Company, appearing as defendants in error, filed a motion to dismiss upon the ground that the terms and rights involved in the contract in the case at bar expired with the fiscal year 1938-1939 and that the work to be done and performed under the terms of the contract has been performed and that therefore the question involved in the cause is moot.

The plaintiff in error has filed an objection to the motion to dismiss in which it is admitted that the project has been completed and that no practical result can be obtained by either party by a decision in the case. We are of the opinion, and hold, that the cause should be dismissed. Parker v. United States Smelter Co., 80 Okla. 129, 194 P. 897; Carney v. Brown, 112 Okla. 295, 240 P. 636; McCauley v. State, 162 Okla. 153, 19 P. 2d 561; Watters v. District Court, 162 Okla. 251, 19 P. 2d 1075.

This court is committed to the rule announced in the above authorities that abstract or moot questions, disconnected from the granting of actual relief or from the determination of which no practical result can follow, will not be determined by this court.

However, plaintiff in error urges that there is a public question so important

that this court should render a decision on the abstract question of law involved. We have examined the record and are of the opinion that there is not such a public question involved as would authorize an opinion on the question of law, since the question involved between the parties has become moot.

Appeal dismissed.

BAYLESS, C. J., and OSBORN, GIBSON, HURST, and DANNER, JJ., concur.