WEEKLY v. STATE ex rel.
CRISWELL, Co. Atty.

No. 33781. Nov. 21, 1950.

*224 P. 2d 593.*

---

Gore & Gore, of Altus, and Orval Grim, of Cheyenne, for plaintiff in error.

Loys W. Criswell, County Atty., and W. J. Ivester, Asst. County Atty., both of Altus, for defendant in error.

CORN, J. This is an appeal from a judgment permanently enjoining the plaintiff in error, hereinafter called defendant, from operating a beer tavern upon certain described premises in a rural area of Jackson county, Oklahoma.

Upon application of the state, on relation of the county attorney, temporary restraining order was issued, restraining operation of the tavern. By agreement this order was vacated, and the

matter thereafter was heard again upon the petition for temporary restraining order.

July 17, 1948, after hearing the matter at length, the trial court entered a final order enjoining defendant from operating a beer tavern on the premises in question. Defendant's motion for supersedeas bond staying the order pending appeal was denied, and this appeal thereafter was lodged in this court.

Subsequent to docketing of the appeal defendant applied to this court for an order allowing the injunction order to be superseded. September 13, 1948, this court entered its order modifying the trial court's order denying supersedeas, by granting to defendant the right to reopen and operate his place of business pending determination of this appeal upon the merits, conditioned upon same being operated in a legal manner.

On August 16, 1949, the state filed motion asking that the order of modification be set aside, upon the showing that defendant's beer license had been revoked by the county court for proper cause shown, defendant having advised the court that no appeal would be taken from the county court's order. The order of modification was vacated temporarily, pending hearing in this court. Thereafter, August 30, 1949, the state's motion to set aside the order of modification was heard, and an order was entered vacating the order (September 13, 1949) which allowed defendant to supersede the trial court's judgment.

July 18, 1950, an order was issued by this court for defendant to show cause why the appeal should not be dismissed as moot. In compliance with this order the parties have filed briefs, wherein both urge this court to pass upon questions presented by the appeal.

It is asserted that substantial rights of the defendant are involved, and that, for this reason, the matter should be decided upon the merits. We are unable to agree with such contention.

We are committed to the rule that when the issues presented by an appeal are rendered moot by acts subsequent thereto, the appeal will be dismissed as moot, there being no impelling public question presented. Childers, Auditor, et al. v. Wallace, 197 Okla. 143, 169 P. 2d 186; Anderson Prichard Refg. Co. v. Board of Com'rs, etc., 186 Okla. 78, 97 P. 2d 5; In re Protest Against Referendum Petition, etc., 185 Okla. 393, 93 P. 2d 374.

The appeal presented to this court the question as to the propriety of the trial court's judgment enjoining defendant from operating a tavern upon these premises. Operation of such a business is based primarily upon the party claiming such right having the proper license. Acts subsequent to filing of this appeal rendered the question sought to be raised moot, since circumstances shown by this record make it unnecessary to render a decision herein upon the merits.

The issues being moot, the appeal is dismissed.

ARNOLD, V.C.J., and GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. HALLEY, J., dissents.

HALLEY, J. (dissenting). The majority opinion dismisses this case on the grounds it is moot. I am forced to dissent. This was an action filed by the county attorney of Jackson county to enjoin the operation of a beer tavern. This relief was granted by the district judge on the evidence before him, and Robert Weekly appealed to this court. Later his license to operate the tavern was revoked for certain infractions of the law which were not considered in the injunction suit. Weekly's license to operate the tavern may be renewed, and the questions involved in the injunction action will remain unanswered if we dismiss the appeal as moot.

I think that whether or not the operation of the beer tavern in the instant case should be enjoined is a matter of such public concern that we should determine it.

I dissent.