### INDEPENDENT SCHOOL DISTRICT NO. 65 OF WAGONER COUNTY, Oklahoma, Plaintiff in Error,

v.

### The STATE BOARD OF EDUCATION of Oklahoma, Defendant in Error.

No. 36686.

Supreme Court of Oklahoma.

Oct. 25, 1955.

Mac Q. Williamson, Atty. Gen., J. H. Johnson, Asst. Atty. Gen., for defendant in error.

WELCH, Justice.

Independent School District No. 65 of Wagoner County filed petition against the State Board of Education of Oklahoma. complaining of acts of the defendant; that the defendant did on November 2, 1953, inform the plaintiff in writing that the plaintiff's status as an independent school district would be changed to that of a dependent school district on July 1, 1954. It is charged in the petition that certain acts of the defendant toward changing the status of the plaintiff district were arbitrary and capricious, and further that said defendant did not give proper notice and warning of a removal of the plaintiff from an independent school district status as required by law. Plaintiff prayed permanent injunction, restraining the defendant from changing the status of the plaintiff from an independent school district to a dependent school district.

Upon said petition a temporary restraining order was issued. Thereafter, on August 16, 1954, a hearing was had and thereon the trial court entered an order to the effect that the defendant is temporarily enjoined from changing the status of the plaintiff from an independent school district to a dependent school district and until November 26, 1954, that as of said November 26, 1954, the plaintiff's cause shall be dismissed, and such change of status of the plaintiff as has been ordered by the defendant will become effective on said date.

The plaintiff has perfected an appeal from the aforesaid order and judgment and here present argument that the defendant failed to comply with the requirements of 70 O.S.1951 § 4-2, which prescribes the conditions under which an independent school district may be changed to a dependent district, and which provides for a certain notice and warning of such an impending action.

The defendant directs attention to an enactment by the regular session of the Twenty-Fifth Legislature of the State of Oklahoma (1955). Section 5 of House Bill

Cecil E. Robertson, Muskogee, for plaintiff in error.

No. 964. Said enactment, effective May 31, 1955, amends the statute, 70 O.S.1951 § 4–2, supra, in several particulars, and provides:

" * * * and any order removing a school district from independent status which has heretofore been made by the State Board of Education, regardless of notice or effective date thereof, is hereby validated."

 It is contended by the Attorney General that under the terms of the 1955 Act, supra, the question here presented as to a failure of the defendant to comply with prior statutory requirements in removing the plaintiff school district from independent status is rendered moot, and we conclude that position is well taken.

"Curative acts may apply to pending proceedings, and, while the Legislature cannot annul or set side the judgment of a court, it may remove a defect on which the judgment proceeded." Armstrong v. Sewer Improvement Dist. No. 1, Tulsa County, 201 Okl. 531, 199 P.2d 1012, 207 P.2d 917, 918.

 It has been truly said that our Legislature has plenary power with respect to the establishment and change of school districts; it may delegate the exercise of that power to subordinate agents under such terms as it judges to be reasonable. Ensley v. Goins, 192 Okl. 587, 138 P.2d 540; Musick v. State ex rel. Miles, 185 Okl. 140, 90 P.2d 631.

 "We are committed to the rule that when the issues presented by an appeal are rendered moot by acts subsequent thereto, the appeal will be dismissed as moot, there being no impelling public question presented." Weekly v. State ex rel. Criswell, 203 Okl. 576, 224 P.2d 593.

Herein, in view of the 1955 Act, supra, and under foregoing rule, the appeal of the plaintiff will be dismissed.

The appeal is dismissed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, J., dissents.