MILLER *et al.* v. URY.

No. 742.    Opinion Filed May 12, 1909.

(102 Pac. 112.)

**APPEAL AND ERROR** — Dismissal — Grounds — Relief Impossible.
Where, pending an appeal from a decree granting a mandamus directing the county election board to print upon the official ballot of a primary election the name of a person for nomination as candidate for office, the primary election transpires before final decision is made upon the appeal, the appeal will be dismissed, on the ground that the order has become incapable of enforcement, and that the decision would afford no actual relief and be followed by no practical results.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Proceedings by I. N. Ury for writ of mandamus against W. P. Miller and J. E. Wyand. From a decree granting the writ, defendants bring error. Dismissed.

*Owen & Stone* and *S. V. O'Hare,* for plaintiff in error.

*A. A. Davidson, E. L. Kistler,* and *J. L. Allen,* for defendant in error.

HAYES, J. This proceeding in error is from a decree of the district court of Muskogee county awarding a peremptory writ of mandamus. In the court below plaintiffs in error were defendants, and defendant in error was plaintiff. By the decree defendants were commanded, as members of the county election board of Muskogee county, to place and print the name of plaintiff as a candidate for the nomination of alderman in the First ward of the city of Muskogee upon the official primary ballots containing the names of those who had filed with the board written notice of their desire to be candidates of the Republican party for the various city offices in the city of Muskogee, to be used and voted at the primary election to be held in the various precincts

of said city on April 6, 1909. The writ further commanded defendants to furnish ballots containing the name of plaintiff as such candidate to the respective precincts of the First ward in the city of Muskogee.

Prior to the 3d day of March, 1909, the city of Muskogee was divided into four wards, and plaintiff was on that date a resident of the Fourth ward. On said date the city council of Muskogee, by an ordinance, re-established the boundaries of the wards of the city, and in doing so transferred the territory upon which plaintiff resides from the Fourth ward into the First ward. No petition was presented to the mayor and council of the city, signed by a majority of the legal voters of the city of Muskogee, praying for a change in the boundaries of the wards of said city, prior to the time of the passage of said ordinance. When plaintiff made his application to defendants to have his name placed upon the official ballot for nomination by the Republican party as candidate for the office of alderman from the First ward of the city, defendants refused to print his name on said ballot, for the reason that he was not a resident of the First ward, but was a resident of the Fourth ward. The decree of the trial court was rendered on the 31st day of March, 1909. Petition in error was filed in this court on April 2, 1909, and motion was on that date made to advance the case, which was granted, and the case was submitted on said date upon the oral argument of counsel for both parties.

The only question presented by this appeal is whether the city council of Muskogee had authority to pass the ordinance enacted by it on March 3, 1909, by which it changed the boundaries of the wards of the city, and in doing so transferred the territory in which plaintiff resides from the Fourth ward to the First ward, without a petition presented to the mayor and council signed by a majority of the legal voters of the city of Muskogee. It is admitted that no petition was ever presented to the mayor and city council. Section 605 of Wilson's Revised and Annotated Statutes of 1903 provides:

"When a petition shall be presented to the mayor and council of any town or city incorporated under any special or general act of the territorial Legislature, signed by a majority of the legal voters of said town or city, the majority to be determined by the number of names on the poll list of the last regular election, praying for a change in the name, number or boundary of wards of said town or city, the council of such corporation shall at once cause to be published in a weekly newspaper of the town or city in at least three issues a notice of the day and hour together with the place of meeting at which they will consider such petition."

Section 606 provides:

"If it shall appear to the council that the change petitioned for is desirable and for the best interests of the town or city, the council may by a majority vote of all the members elect order the change desired, but no such change shall take effect until the next regular election."

After oral argument by counsel had been made, this court was inclined to the view that the city council had not authority to pass the ordinance in question by which it changed the boundaries of the wards in Muskogee, and made an order permitting defendants to supersede the judgment of the lower court. The court endeavored to determine the question involved in this proceeding and to render judgment before the primary election which occurred on April 6, 1909, but only two days intervened between the submission thereof and the date of the primary election. No briefs were filed in the case, except a typewritten memoranda of authorities by the counsel for one of the parties. This statement is not made in criticism of counsel, for so short a time intervened between the filing of the case and the submission thereof that counsel were afforded no opportunity to prepare briefs. Notwithstanding its efforts to reach a decision upon the case before the primary election, the court was unable to do so.

A majority of the court is still inclined to the view that the city council was without authority to change the boundaries of the wards of the city, except by the proceeding prescribed by sections 605 and 606, *supra;* but owing to the fact that no judgment that this court can now render can afford to the parties any sub-

stantial relief, since the time has elapsed within which any order made by the court could be obeyed, this court makes no final determination of the question presented by this proceeding. It has been frequently held that the court on appeal will not decide abstract or hypothetical questions disconnected with the granting of any actual relief, and where, from the determination of the question presented, no practical results can follow. The decisions of the court upon this question are well collected in *Albright et al. v. Erickson, ante,* p. 444, 102 Pac. 112.

*Parsons v. Tetirick,* 63 Kan. 879, 64 Pac. 1028, is a case in point. In that case, as in the case at bar, the decree of the lower court granted a peremptory writ of mandamus. Pending a proceeding in error from the decree of the trial court, the conditions so changed that it would have been impossible for the order of the trial court to have been complied with, if the same had been affirmed by the appellate court and the appeal was dismissed. It is clear that in the case at bar, if the order of the trial court from which this proceeding in error is prosecuted should be affirmed by this court, subsequent events have rendered the inforcement of such order impossible. The question which this proceeding presents is an important one, and should be determined only after a full investigation in some case where a decision of the same is necessary to grant some actual relief or where some practical result would follow.

The appeal is dismissed.

All the Justices concur.