FARQUHARSON v. STATE *ex rel.* CALVERT *et al.*

No. 1518.    Opinion Filed July 12, 1910.

(110 Pac. 909.)

**APPEAL AND ERROR—Moot Question—Dismissal.** Where, pending appeal from a decree granting a mandamus directing the mayor of a city to call an election, the mayor calls the election, and the election is held before final decision is made upon the appeal, the appeal will be dismissed, upon the ground that the decision can afford no actual relief and will be followed by no practical results. (Syllabus by the Court.)

*Error from Superior Court, Logan County; J. M. Sandlin, Judge.*

Mandamus by the State, on relation of one Calvert and others, against A. O. Farquharson. From a decree directing the issuance of a peremptory writ, respondent brings error. Dismissed.

*W. H. Chappell, Fred W. Green,* and *W. B. Herod,* for plaintiff in error.

*Burford & Burford* and *J. L. Calvert,* for defendants in error.

HAYES, J. This proceeding in error is from a decree of the superior court of Logan county awarding a peremptory writ of mandamus. By the writ A. O. Farquharson, as mayor of the city

of Guthrie, plaintiff in error herein, is ordered and directed to issue forthwith his proclamation calling an election to be held at the regular election in the city of Guthrie on the first Tuesday in April, 1910, for the purpose of electing a board of freeholders· to prepare and propose to the voters a charter for such city, and for taking a vote upon the question whether or not proceeding towards adopting a charter shall be had in pursuance to said order of the court.

By motion of defendants in error, it has been suggested that the time for holding said election has elapsed, and that plaintiff in error has issued the call therefor, and the same has been held: that therefore this proceeding now presents nothing but hypothetical questions for the determination of the court. Since the time for holding the election has transpired, and the election has been held, any decision that the court might reach upon the question submitted to it by an appeal would afford no actual relief, and be followed by no practical results; and upon the authority of *Miller et al. v. Ury*, 23 ·Okla. 546, 102 Pac. 112, the cause should be dismissed, and it is so ordered.

All the Justices concur.