### BRIDGES v. BALDRIDGE et al.

No. 13070—Opinion Filed May 16, 1922.

Rehearing Denied June 13, 1922.

(Syllabus.)

**Appeal and Error—Review of Abstract Questions—Dismissal.**

Abstract or hypothetical questions, disconnected from the granting of actual relief, or from the determination of which no particular result can follow other than the awarding of the costs of the appeal, will not be decided by this court. Snelson v. Bodovitz, 80 Okla. 7, 193 Pac. 878; McCullough et al. v. Gilcrease, 40 Okla. 741, 141 Pac. 5; Parker v. U. S. Smelter Company et al., 80 Okla. 129, 194 Pac. 897.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by J. W. Bridges against Charley Baldridge and another. Judgment for defendants, and plaintiff brings error. Dismissed.

S. H. Baskin and William J. Morrow, for plaintiff in error.

Hamilton & Pendleton, for defendants in error.

JOHNSON, J. Now on this day comes on for consideration the motion of defendants in error to dismiss the petition in error of the plaintiff in error, alleging that the same is frivolous and without merit and is taken for the purpose of delay only; that the only question that could possibly be presented on this appeal is an abstract, hypothetical, and moot question.

The record discloses that the plaintiff in error, who was plaintiff below, in his amended petition, sought to have reformed a certain contract of purchase of the land involved, and to recover and have quieted in plaintiff the title to the same, and that a certain deed from the defendant Charlie Baldridge to the defendant Ellen Baldridge be canceled as having been fraudulently executed without any consideration for the purpose of defeating the just rights of the plaintiff, and that she, and all persons holding under or by virtue of said deed, be perpetually enjoined from claiming the lands or any interest therein, and that

plaintiff have judgment for costs.

Thereafter, on the 19th day of August, 1921, the defendants filed a general and special demurrer to the plaintiff's amended petition in which they alleged that there was misjoinder of causes of action in his attempt to join in this cause of action a suit for reformation of instrument and for special performance of contract and for cancellation of instrument and to declare lien upon the real estate and to quiet title; that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, or either of them.

Thereafter, on the 30th day of August, 1921, the defendants demurred to the amended petition, aforesaid, of plaintiff, which was sustained by the court, to which ruling of the court the plaintiff then and there excepted.

The record further discloses that thereafter, on the same day, to wit, August 30, 1921, the cause proceeded to trial before the court, and the court rendered judgment on the cross-petition of the defendant Ellen Baldridge against the plaintiff, to which judgment the plaintiff excepted at the time and gave notice of appeal. The court made an order, which was indorsed upon the minutes, allowing 60 days in which to make and serve case-made and ten and five days in which to settle the same. The journal entry of judgment recites the foregoing proceedings, after which it further recites the filing of the defendants' cross-petition on the 16th day of July, 1921, and there had been no pleadings filed on the part of the plaintiff as his answer or other pleadings to said cross-petition, and that "the plaintiff and the defendant and cross-petitioner, Ellen Baldridge, agree in open court that judgment may be rendered on said cross-petition for and in favor of the said Ellen Baldridge and against the said J. W. Bridges, canceling the instruments asked to be canceled in said cross-petition, and quieting the title of said real estate in the said Ellen Baldridge." Then follows the orders and decrees of the court. accordingly, concluding with the judgment that all costs of this cause of action are assessed against the plaintiff, J. W. Bridges.

The correctness of this judgment was not challenged by the plaintiff in a motion for a new trial or otherwise. On February 28, 1922, and within six months from the date of the rendition of the judgment on August 30, 1921, the plaintiff filed a petition in error in this court, with copy of case-made attached; the assignments of error in his petition being that the court erred in sustaining the general demurrer of defendants to the amended petition of plaintiff and dismissing such causes of action.

We think the defendants' motion to dismiss the appeal is well taken and should be sustained, for the reason that the question of the correctness of the court's ruling sustaining the demurrer of the defendants to the plaintiff's petition and dismissing the same is moot.

The judgment of the court thereafter rendered in the cause upon the agreement of the parties sustaining the defendants' cross-petition and quieting title to the land in controversy in her and confirming the same having become final, and the correctness thereof not being challenged by this appeal, it is therefore ordered that the plaintiff's appeal be, and the same is hereby, dismissed.

McNEILL, MILLER, KENNAMER, and NICHOLSON, JJ., concur.