## DOYLE v. CLAPP.

No. 10700—Opinion Filed May 30, 1922.

Rehearing Denied Sept. 26. 1922.

Second Rehearing Denied Jan. 11, 1923.

(Syllabus.)

**Appeal and Error—Dismissal—Moot Questions.**

Where the matters in controversy have been settled, and the judgment appealed from has been satisfied and released of record before the appeal is lodged in this court, the questions raised by the appeal are abstract and hypothetical, from a determination of which no practical results will follow, and such questions will not be determined by this court, but the appeal will be dismissed.

Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.

Action by Lewis W. Clapp against Susie Doyle and Frank Doyle, as guardian of Susie Doyle. Judgment for plaintiff, and defendant Susie Doyle brings error. Dismissed.

J. B. Campbell, Thos. W. Leahy, and Forrester Brewster, for plaintiff in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error.

NICHOLSON, J. On the 1st day of December, 1908, Lewis W. Clapp, as plaintiff, instituted this action against Susie Doyle, a minor, and Frank Doyle, her guardian, as defendants, seeking to recover the value of improvements placed upon the land of Susie Doyle by the plaintiff under a lease executed by her father and mother, and covering a portion of her allotment, she being a freedman member of the Creek Nation of Indians.

The petition alleged, in substance, that the defendant Susie Doyle was a minor under the age of 15 years; that the defendant Frank Doyle was appointed guardian of her person and estate by the county court of Muskogee county on May 18, 1908; that on the 22nd day of August, 1902, Frank Doyle and Millie Doyle, the father and mother of Susie Doyle, entered into a lease contract by the term of which they leased the allotted lands of Susie Doyle to Mary S. Allen for agricultural purposes for a term of five years from the first day of January, 1903, for a consideration of $29.50 per annum; that on February 25, 1903, said Mary S. Allen, for a valuable consideration, sold, conveyed, and assigned said lease to said plaintiff; that he went into possession of said land under said lease and paid said Frank Doyle the sum of $88 as rents, and made valuable improvements upon the land; that about January, 1906, the defendant Frank Doyle took possession of said land and excluded the plaintiff therefrom and from the rents and profits thereof; and prayed judgment for the sum of $747.69, with interest thereon, being the amount expended for such improvements after deducting the rents and profits received during the time he held possession of said land, and prayed for the appointment of a receiver to collect the rents and profits and apply the proceeds therefrom to the payment of said sum. Upon a trial had on December 22, 1909, judgment was rendered for the plaintiff for the sum of $917.61, and a receiver was appointed to collect the rents and profits until the same amounted to a sum sufficient to pay said judgment with interest and costs, and out of the funds so received to pay said judgment.

It appears that since the case was lodged in this court the plaintiff in error has departed this life and the action has been revived in the name of Frank Doyle and Millie Doyle, her father and mother and heirs at law.

The petition in error with a transcript of the record was filed in this court on June 24, 1919, and in this petition it is alleged that the plaintiff in error became of the age of majority, to wit, the age of 18 years, on the 30th day of June, 1918.

It is unnecessary for us to consider the assignments of error presented, or the right of the plaintiff in error to maintain this proceeding, for the reason that it appears from the record and briefs of the parties that a portion of the lands of said minor were by her guardian sold, and by order of the county court having jurisdiction of her estate her guardian paid the judgment appealed from, and the same has been released and satisfied of record; this being done before the appeal was lodged in this court.

It is a well-settled rule of this court that it will not decide abstract or hypothetical questions from which no practical results will follow. Price v. Board County Commissioners, Pawnee County, 8 Okla. 121, 56 Pac. 959; Reece v. Chaney, 28 Okla. 501, 114 Pac. 608; Tinker et al. v. McLaughlin-Farrar Co., 29 Okla. 758, 119 Pac. 283. As no actual relief can be gained by a decision of the questions presented, we will not determine such questions, but the appeal will be dismissed.

JOHNSON, McNEILL, ELTING, and KENNAMER, JJ., concur.