**SANFORD v. MARKHAM, Adj. Gen., et al.**

No. 14713—Opinion Filed Dec. 4, 1923.

(Syllabus.)

**Appeal and Error—Dismissal—Hypothetical Cases.**

The Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

Original action by R. D. Sanford against Baird H. Markham, Adjutant General, and others. Dismissed.

W. E. Disney and M. M. Eakes, for plaintiff in error.

George E. Short, Atty. Gen., C. W. King and John Barry, Asst. Attys. Gen., and Charles E. McPherren, special counsel, for defendants in error.

COCHRAN, J. This is an original action in the nature of quo warranto, filed in this court by the plaintiff against the defendants, alleging that under a proclamation issued by the Governor of the state of Oklahoma, on September 1, 1923, under which martial law in the city of Tulsa was established and a proclamation by the Governor of the state of Oklhoma under date of September 15, 1923, under which it was proclaimed that the entire state of Oklahoma was placed under martial law, the defendants as officers of the military forces of the state of Oklahoma intruded into and usurped and unlawfully held and exercised the office of the sheriff of Tulsa county to which plaintiff had been duly elected and qualified, and that the defendants were subordinating the civil authority of the county of Tulsa and state of Oklahoma to the military authority in violation of the Constitution of the state. This court on the_____day of_____, assumed jurisdiction of this case on account of the public nature of

the question involved, and upon the showing that the relief demanded in the petition could not be adequately secured by bringing the action in the district court of Tulsa county. The defendants have filed a motion to dismiss the appeal, and as grounds therefor allege that on October 5, 1923, the military commission, sitting in the county of Tulsa, was suspended and all officers and enlisted men on duty have been relieved from duty, and that on the 10th day of October, 1923, a proclamation was issued terminating martial law throughout the state of Oklahoma, said proclamation being as follows:

"1. The further operation of martial law throughout the state of Oklahoma, established by the proclamation issued by J. C. Walton, Governor of the state of Oklahoma, on September 15, 1923, is hereby finally suspended.

"2. The civil authorities throughout the state are by this order advised that military courts have been closed and all troops returned to their home stations and the military regulations made and promulgated in pursuance of the martial law proclamation and to provide for the enforcement of its provisions are hereby withdrawn and abrogated, and the civil authorities throughout the state are charged as formerly with the full and complete enforcement of the civil and criminal laws of the commonwealth."

The defendants contend that by reason of the circumstances above set out, which occurred subsequent to the filing of this suit, the controversy has become moot and should be dismissed. The plaintiff has filed a response to the motion, admitting the issuance of the military order revoking the proclamation declaring martial law in the county of Tulsa and state of Oklahoma, but contends that the action should not be dismissed for the reason that the claim of right to subordinate the civil authority to military authority and usurp the functions of offices, having been asserted in proclamation of September 1st and September 15th, cannot be revoked, and that the plaintiff is entitled to have an adjudication of his constitutional rights, and that the public is entitled to have an adjudication of the alleged subordination of civil authority to military authority. In addition, plaintiff filed an application for permission to amend his petition so as to ask for damages under the provisions of section 460, Comp. Stat. 1921. We have declined to permit the amendment to the petition, for the reason that it is our opinion that the controversy involved in the original petition has become moot and the amended petition would present for the consideration of this court a question which does not in-

volve a matter publici juris, but is a matter involving the rights of a prior relator and there is no showing that this relief could not be adequately secured by bringing the action in the district court of Tulsa county.

As to the controversy involved in the original petition having become moot, it has been repeatedly held by this court that the Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief or from the determination of which no practical relief can follow:

Edwards v. Welch, 29 Okla. 335, 116 Pac. 791; Freeman v. Board of Medical Examiners for Southern District of Indian Territory, 20 Okla. 610, 95 Pac. 229; McCullough v. Gilcrease, 40 Okla. 741, 141 Pac. 5; State ex rel. Freeling v. Taylor, 82 Okla. 220, 200 Pac. 150; Farquharson v. State ex rel. Calvert, 26 Okla. 767, 110 Pac. 909; Wood v. Marrisett, 42 Okla. 452, 142 Pac. 1101.

It is our opinion that, by reason of the revocation of martial law and the removal of military forces, the actual relief sought by the plaintiff has resulted and a decision by this court could grant plaintiff no actual relief and no practical relief would result to him from a determination of the questions involved, and a determination of these questions would be purely academic. In these circumstances, we are of the opinion that the case should be dismissed, and it is so ordered