### In re REVARD.
### REVARD et al. v. GIVENS.

No. 18037. Opinion Filed April 3, 1928.

Rehearing Denied Sept. 11, 1928.

(Syllabus.)

Appeal and Error—Dismissal—Questions Becoming Moot—Guardianship of Incompetent—Restoration to Competency Pending Appeal.

Where the district court, on an appeal from the county court, denies a petition filed by the wife of an incompetent and others to remove the guardian of such incompetent, and an appeal is taken from this order to the Supreme Court, and pending such appeal, the ward is restored to competency and the guardianship proceedings are terminated, and no practical relief can be granted by a decision of said appeal in the Supreme Court, other than the awarding of the costs of the appeal, the questions sought to be presented by the appeal have become moot and will be regarded as abstract and hypothetical and not necessary for decision, and the appeal will be dismissed.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Proceeding by Romanzy M. Revard et al. to have Dora Givens removed as guardian of Mark S. Revard, an incompetent. Application denied by the County Court of Osage County, and on appeal the district court refused to remove the guardian. From the latter order, the petitioners appeal. Appeal dismissed.

Wilson, Murphy & Duncan and A. P. Carr, for plaintiffs in error.

Sands & Campbell, for defendant in error.

MASON, V. C. J. Mark S. Revard, a member of the Osage Tribe of Indians, was adjudged an incompetent in the year 1920, and, after various persons had served as his guardian, the defendant in error, Dora Givens, was appointed his guardian and immediately qualified as such, On the 15th day of May, 1926, the plaintiffs in error herein filed in the county court of Osage county their application for the removal of Dora Givens as said guardian of Mark S. Revard.

The county court denied said application, and the petitioners appealed to the district court of Osage county, where the proceeding was tried de novo, and at the conclusion of the evidence offered in support of the application, the defendant interposed a demurrer thereto, which was sustained, and the petitioners have duly perfected their appeal to this court.

After said matter was heard by the county court, and on July 8, 1926, and on January 14, 1927, the said Mark S. Revard filed his petitions in the county court of Osage county wherein he alleged that he was an adult person and entirely sane and competent, and prayed that he might have the fact of his restoration to capacity judicially determined, to which Dora Givens, the guardian, filed answer and objections, The county court, upon a hearing in such matter, found the petitioner incompetent and denied his prayer in each of said petitions. In each instance, an appeal from the orders and rulings of the county court was taken to the district court, where they were consolidated and trial was had on March 3, 1927, which resulted in a finding that said Mark S. Revard was of sound mind and mentally capable of taking care of himself and his property. The letters of guardianship theretofore issued to Dora Givens were revoked and the guardianship was ordered terminated upon the payment of certain debts' which had been incurred. The petitioner in said proceeding, Mark S. Revard, appealed from said judgment of the district court and the same was reversed by the Supreme Court, in so far as said judgment was conditioned upon the payment of said

debts, and the case was remanded to the district court, with directions to render judgment restoring the petitioner to capacity and discharging him from guardianship.

The questions presented by the instant appeal have, therefore, become moot and no useful purpose would be served by deciding the many questions presented. The rule is well established that the Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief or from the determination of which no practical relief can follow. Sanford v. Markham, 96 Okla. 156, 221 Pac. 36; Doctors' Oil Co. v. Adair, 83 Okla. 53, 200 Pac. 858; Bridges v. Baldridge, 86 Okla. 242, 207 Pac. 442; Doyle v. Clapp, 88 Okla. 88, 209 Pac. 324.

In Edmondson v. Wells, 86 Okla. 254, 207 Pac. 969, we announced the rule as follows:

"Where the district court, on an appeal from the county court, orders the county court to appoint a certain person, naming him, as guardian of a certain minor, and an appeal is taken from this order to the Supreme Court, and the county court, pursuant to such order of the district court, appoints the person named in such order as guardian of the minor and, pending the appeal in this court, the minor arrives at his majority and no practical relief can be gained by a decision in this court, the questions sought to be presented to this court by the appeal have become moot and will be regarded as abstract and hypothetical and not necessary for decision, and the appeal will be dismissed."

In the instant case, the ward has been restored to competency and the guardianship proceedings have been terminated.

The appeal is hereby dismissed.

BRANSON, C. J. and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 575, §2383; 2 R. C. L. p. 169, et seq.; 1 R. C. L. Supp. p. 423; 4 R. C. L. Supp. p. 87; 5 R. C. L. Supp. p. 77; 6 R. C. L. Supp. p. 70.