PARKER *et al.* v. TERRITORY *ex rel.* BOSTICK, *County Attorney.*

No. 1920, Okla. T.   Opinion Filed Feb. 18, 1908.

(94 Pac. 175.)

APPEAL—Review—Decision of Hypothetical Questions.   The Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical result can follow.

(Syllabus by the Court.)

*Error from District Court, Noble County; before Bayard T. Hainer, Judge.*

Action by the territory, on the relation of Charles R. Bostick, county attorney, against W. A. Parker and others, county commissioners of Noble county.   Judgment for plaintiffs, and defendants bring error.   Dismissed.

*Wm. M. Bowles* and *S. H. Harris.* for plaintiffs in error

*Charles R. Bostick,* for defendant in error.

PER CURIAM.   On the 14th day of July, 1905, the territory of Oklahoma, on relation of Charles R. Bostick, county attorney of Noble county, brought suit against the plaintiffs in error herein, who constituted the board of county commissioners of that county, praying for a temporary injunction restraining them from levying upon the assessed valuation of the taxable property of Noble county for the fiscal year beginning July 1, 1905, for the purpose of roads and bridges in said county, any taxes in the excess of two mills on the dollar of said valuation.   On July 14, 1905, the judge of the district court of that county issued a temporary restraining order in accordance with the prayer, which order was on the 19th

day of February, 1906, made perpetual, and from which final judgment defendants appealed to this court.

The proposition involved is the determination of the question of whether or not certain statutes of the territory of Oklahoma relating to roads and bridges, and the limitation upon the powers of the county commissionsrs to levy assessments for the building thereof, have been repealed by implication or otherwise.

In view of the fact that the time for making the assessment involved in this suit has long since lapsed, and the term of office of the defendants has long since expired, no practical result can follow a determination of the question presented, and the case is accordingly dismissed. See 2 Cyc. 533, and cases cited.