## HARMAN v. BURT.

No. 1971, Okla. T.   Opinion Filed March 19, 1908.

(94 Pac. 528.)

APPEAL—Review—Abstract Questions. The Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical result can follow.

(Syllabus by the Court.)

*Error from District Court, Caddo County; before F. E. Gillette, Judge.*

Application by L. C. Burt for a liquor license. B. F. Harman filed a remonstrance. The district court affirmed the judgment granting a license, and Harman brings error. Dismissed.

On the 19th day of October, 1905, L. C. Burt filed his application, accompanied by a petition, in the office of county clerk of Caddo county for the purpose of having issued to him a license to sell intoxicating liquors in the town of Cottonwood, Shirley township, Caddo county, Okla. On the 21st day of November, 1905,

plaintiff in error and others filed with the county clerk their protest and remonstrance against the issuance of said license. In accordance with the statute the matter was referred to the board of county commissioners, which on November 7, 1908, on a hearing, found for the applicant, and ordered a license issued. Remonstrants then appealed to the district court, which affirmed the judgment of the board, whereupon the case was brought to this court on appeal.

*A. J. Morris* and *Wm. McFadyen*, for plaintiff in error.
*Glitsch, Morgan & Glitsch,* for defendant in error.

DUNN, J. This case was filed in this court on June 15, 1906, and, as will be seen from the statement of facts, involves the question of the issuance of a license to sell intoxicating liquors. Since this case has been filed, the territory of Oklahoma has been admitted as a state, and under the terms of its Constitution the sale of intoxicating liquors, as provided for under the statutes of the territory of Oklahoma, is no longer lawful. Under these circumstances a decision of this case by this court on its merits would not avail anything to either of the parties litigant. Should the court sustain the contention of the applicant, no license could be issued to him, and the remonstrants who seek to prevent the issuance of such license find complete relief under section 9 of the Constitution as compiled by Bunn, which provides that:

"The manufacture, sale, barter, giving away, or otherwise furnishing, except as hereinafter provided, of intoxicating liquors, is prohibited, until the people of the state shall otherwise provide by amendment of this Constitution and proper state legislation."

Under circumstances of this character, appellate courts have uniformly declined to consider the merits of a controversy, which has become purely hypothetical and from a decision of which no practical results could follow.

An interesting case wherein the principle herein involved was raised is a case from North Carolina (*Kidd v. Morrison,* 62 N. C. 31), filed in the lower court in 1861, involving the title to

a slave. The case pended in that court and in the appellate court all during the War. The Emancipation Proclamation gave freedom to the slave, and title in him of his master was absolved. The Supreme Court, when it reached it for decision in 1866, stating these things, says:

"That question is now gone. It has passed away by the political death of the slave, as completely as if he had died a natural death. There being no longer any subject-matter of controversy, the question arises whether the court will hear the cause, and make a decree that can only serve to dispose of the costs? To say nothing of the labor and consumption of time in wading through a mass of depositions and weighing the learned arguments which the hearing would elicit, the court does not consider itself at liberty to go into a hearing, for the reason that there is nothing now before it but a mere hypothetical case, and any declaration of principle set out in the decree would be entitled to, and would receive, no more consideration than mere *dicta.*"

So it is in the case at bar. The question involved in this case is gone. It has passed away by the declaration of the people of the state that liquor shall not be sold within the state as contemplated by the license laws. There is no longer any subject-matter of controversy, and the pressure upon the time and energies of this court by an overwhelming mass of urgent, pressing litigation puts us in a position where duty requires us to say, as did the North Carolina court, that it "does not consider itself at liberty to go into a hearing, for the reason that there is nothing now before it but a mere hypothetical case." See, also, *Mills v. Green,* 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293; *Colvard v. Board of Commissioners of Graham County,* 95 N. C. 515.

This court has also held, in the case of *W. A. Parker et al. v. Territory of Oklahoma, on relation of Charles R. Bostick* (decided this term and reported in this volume) 94 Pac. 175, that the Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief from the determination of which no practical result can follow.

This case will therefore be dismissed.

All the Justices concur.