FREEMAN v. BOARD OF MEDICAL EXAMINERS FOR SOUTHERN
DISTRICT OF INDIAN TERRITORY.

No. 745, Ind. T.    Opinion Filed April 13, 1908.

(95 Pac. 229.)

APPEAL—Review of Hypothetical Questions.    The Supreme Court
will not decide abstract or hypothetical cases disconnected from
the granting of actual relief, or from the determination of which
no practical relief can follow.

(Syllabus by the Court.)

*Appeal from the United States Court for the Southern District of
the Indian Territory, at Chickasha; before J. T. Dickerson, Judge.*

R. W. Freeman, a practicing physician, brought certiorari to
review the revocation of his license by the Board of Medical Ex-
aminers for the Southern District of the Indian Territory.    Writ
of certiorari was dismissed, and Freeman appeals.    Dismissed.

*William Stacey*, for appellant.
*Frank M. Bailey*, for appellee.

KANE, J.    The appellant, R. W. Freeman, of the city of
Chickasha, was duly licensed to practice medicine by the Medical
Board for the Southern District of the Indian Territory, on the
12th day of August, 1904.    On the 21st day of November, 1905,
he was served with a citation to appear before said board on the
25th day of November, 1905, and show cause why his license to
practice medicine should not be revoked for "unprofessional and
dishonorable conduct."    At said time and place the appellant ap-
peared, and proceedings were had, and an order thereupon made
by said board revoking appellant's license.

The appellant thereupon filed his petition in the United
States District Court at Chickasha, praying for a writ of certiorari

to remove said cause to said United States District Court. On the 12th day of December, 1905, the writ was granted. On the same day, as shown by the affidavit of William Stacey, counsel for appellant, he served the writ upon W. L. Peters, the secretary of the Board of Medical Examiners, and on J. C. McNesse, president of said board. The secretary was served by delivering him a copy of the order, and the president by sending him a true copy of the writ by registered letter. No return whatever was ever made to the writ by any member of the board. On the 12th day of April, 1906, counsel for appellee moved the court that the writ of certiorari be quashed and held for naught, for the following reasons:

"(1) That the court was without jurisdiction to grant the writ; (2) that the petition heretofore filed by petitioner did not allege facts sufficient to entitle petitioner to the writ of certiorari or relief asked for; (3) that the writ issued in said cause, and the return thereof, was irregular, illegal, and void."

On the 23d day of April, 1906, the court below sustained the motion, and quashed, dismissed, superseded, and annulled the writ of certiorari thertofore issued. From this ruling of the court the appellant prosecuted his writ of error to the Court of Appeals of the Indian Territory; and, the same being undisposed of on the admission of the territory of Oklahoma and Indian Territory into the Union as the state of Oklahoma, it was transferred to this court under the terms of the Schedule and Enabling Act.

At the time the proceedings of which the appellant complains were had the Board of Medical Examiners for the Southern District of the Indian Territory was a board created under the laws of the United States, which laws also defined its powers. Since the proceedings were had before the board Indian Territory and Oklahoma Territory have been erected into the state of Oklahoma. There is no provision in the Constitution of the state of Oklahoma continuing in office the Board of Medical Examiners for the Southern District of the Indian Territory, nor is there a provision providing a successor for such board. Upon the record

as it stands before us the only relief this court. could possibly give would be to .reverse the order of the court below, and order it to reissue its writ of certiorari. As the board before which the proceedings complained of was had has gone out of existence by operation of law, leaving no successor against whom the writ could run, such a holding would be futile, as no practical relief could follow. This court in several cases decided this term of court, but not yet reported, has held:

"The Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical relief can follow."

We believe this is a salutary rule. The reason for it is well stated in *Kidd v. Morrison*, 62 N. C. 38. This case involved the title to a slave, which at the time it was commenced was a proper subject of barter and trade. When it came on to be .heard in the Supreme Court of North Carolina in 1866, after the Emancipation Proclamation, Pearson, C. J., in his opinion, says:

"That question is now gone. It has passed away by the political death of the slave as completely as if he had died a natural death. There being no longer any subject-matter of controversy, the question arises whether the court will hear the cause, and make a decree that can only serve to dispose of the costs. To say nothing of the labor and consumption of time in wading through a mass of depositions and weighing the learned arguments which the hearing would elicit, the court does not consider itself at liberty to go into a hearing, for the reason that there is nothing now before it but a mere hypothetical case, and any declaration of principle set out in the decree would be entitled to, and would receive, no more consideration than mere *dicta.*"

We are therefore of the opinion that this cause ought to be dismissed without prejudice. It is so ordered.

All the Justices concur.