BURKHALTER v. SMITH.

No. 1972, Okla. T.   Opinion Filed April 13, 1908.

(95 Pac. 241.)

**APPEAL—Review—Hypothetical Case.** The Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical result can follow.

(Syllabus by the Court.)

*Error from District Court, Caddo County; before F. E. Gillette, Judge.*

Application of S. H. Smith for a liquor license. F. F. Burkhalter filed a remonstrance, and from an order granting the license Burkhalter brings error. Dismissed.

September 25, 1905, S. H. Smith filed in the office of the county clerk of Caddo county, Okla., a petition praying that he be granted a license to sell intoxicating liquors at retail in the town of Verden, in said county. On the 13th day of October, 1905, F. F. Burkhalter filed a remonstrance against the granting an issuance of said license. The hearing of the same was set for November 6, 1905. The evidence was taken before the board of county commissioners which, on November 7, 1905, ordered the county clerk to issue said license. From this action the remonstrator filed his appeal to the judge of the district court who, after considering the case, and on April 11, 1906, sustained the action of the board of county commissioners, and directed the license to issue as prayed for. The case is now before us on petition in error.

*A. J. Morris* and *Wm. McFayden*, for plaintiff in error.
*Glitsch, Morgan & Glitsch,* for defendant in error.

DUNN, J. (after stating the facts as above). This court at this term had identically the same question as is presented in this case before it in the case of *P. F. Harman v. L. C. Burt*, reported in this volume, 94 Pac. 528, in which it said:

"Since this case has been filed the territory of Oklahoma has been admitted as a state, and under the terms of its Constitution the sale of intoxicating liquors as provided for under the statutes of the territory of Oklahoma is no longer lawful. Under these circumstances a decision of this case by this court on its merits would not avail anything to either of the parties litigant. Should the court sustain the contention of the applicant, no license could be issued to him, and the remonstrants who seek to prevent the issuance of such license find complete relief under section 9 of the Constitution, as compiled by Bunn, which provides that: 'The manufacture, sale, barter, giving away, or otherwise furnishing—intoxicating liquors—is prohibited—until the people of the state shall otherwise provide by amendment of this Constitution and proper state legislation.' Under circumstances of this character appellate courts have uniformly declined to consider the merits of a controversy which has become purely hypothetical, and from a decision of which no practical results could follow."

This statement is entirely applicable to the case at bar. The case is accordingly dismissed.

All the *Justices* concur.