CONLY v. OVERHOLSER *et al.*

No. 2132. Okla. T.  Opinion Filed November 17, 1908.

(98 Pac. 331.)

**APPEAL AND ERROR—Review—Hypothetical Cases.** The Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; B. F. Burwell, Judge*

Action by Edgar L. Conly for a writ of mandamus against Ed. Overholser and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*Ledru Guthrie,* for plaintiff in error.

KANE, J.  In this action the plaintiff in error, plaintiff below, made application to the district court of Oklahoma county for a peremptory writ of mandamus to compel the defendants in error, as the board of county commissioners of Oklahoma county, to grant him a license to sell intoxicating liquors in Oklahoma City. The defendants demurred to the petition filed below, which demurrer was sustained and the writ refused. From the order refusing the issuance of the writ the plaintiff took the case by petition in error to the Supreme Court of the territory of Oklahoma, and it was transferred to this court under the terms of the Enabling Act and the Schedule to the Constitution.

Since the case was tried below the territory of Oklahoma and Indian Territory have been erected into the state of Oklahoma, and constitutional prohibition prevails throughout the state. Under such circumstances this case falls fully within the rule laid down in *C., R. I. & P. Ry. Co. v. Territory,* 21 Okla. 329, 97 Pac. 265, *Freeman v. Board of Med. Examiners,* 20 Okla. 610, 95

Pac. 229, *Burkhalter v. Smith,* 20 Okla. 625, 95 Pac. 241, *Harman v. Burt,* 20 Okla 509, 94 Pac. 528, and *Parker et al. v. Territory,* 20 Okla. 851, 94 Pac. 175 ( wherein it is held that "the Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical relief can follow."

Upon the authority of the foregoing cases the cause is dismissed.

All the Justices concur.