POWELL *et al.* v. TERRITORY *ex rel.* HAYS, *County Attorney.*

No. 2178, Okla. T.   Opinion Filed March 9, 1909.

(100 Pac. 514.)

**APPEAL AND ERROR—Dismissal—Review—Ineffectual.** The Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

(Syllabus by the Court.)

*Appeal from District Court, Oklahoma County; B. F. Burwell, Judge.*

Suit by the territory of Oklahoma, on relation of R. G. Hays, County Attorney of Oklahoma county, against B. H. Powell and another to enjoin a nuisance. From an order overruling defendant's motion to dissolve the temporary restraining order and their demurrers, and granting a temporary injunction, defendants appeal. Dismissed.

*E. J. Giddings,* for appellants.

KANE, C. J.   This was a suit brought by the territory of Oklahoma, on the relation of R. G. Hays, county attorney of Oklahoma county, to enjoin an alleged nuisance. The first ground for injunctional relief was based upon the theory that the law prior to statehood required that a person licensed to sell malt, spirituous, and vinous liquors should be a man of respectable character, and that inasmuch as the license issued to M. L. Powell, the wife of B. H. Powell, and B. H. Powell managed and controlled the business, this constituted selling malt, spirituous, and vinous liquors without a license, and was therefore a nuisance. There were other grounds alleged in the petition filed in the court below upon which it was claimed the license was void, but under our view of the case the question as to whether the license was valid or invalid is immaterial. On the ———— day of July, 1907, the cause came on to be heard in the court below upon the

defendant's separate motions and demurrers, and upon the plaintiff's application for a temporary injunction. The court overruled the motion of defendants to dissolve the temporary restraining order, and their demurrers, and granted the plaintiff a temporary injunction. From this order the defendants appealed.

From the foregoing statement it is apparent that this case falls within the rule laid down by this court in a considerable number of cases to the effect that:

"The Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical relief can follow."

If the facts alleged in the petition constituted a nuisance, it, no doubt, has long since been abated by operation of law. The sole question arising on the record is whether or not the unlawful sale of intoxicating liquors prior to statehood constituted a common nuisance for which an injunction under our statute would lie, upon the relation of the county attorney, in the name of the territory of Oklahoma, and without bond.

As no useful purpose could be served by inquiring into this question at this time, we are constrained to follow the line of cases above referred to, and dismiss the cause. It is so ordered.

All the Justices concur.