HODGES *et al.* v. SCHAFER.

No. 2191, Okla. T.  Opinion Filed March 9, 1909.

(100 Pac. 537.)

**APPEAL AND ERROR—Dismissal—Review Ineffectual.** The Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

(Syllabus by the Court.)

*Appeal from District Court, Custer County; F. E. Gillette, Judge.*

Henry Schafer filed a petition with the county clerk of Custer county for a license to sell intoxicating liquors. A protest was filed by H. A. Hodges and others, and from the action of the county commissioners, an appeal was taken to the district court, which court directed the commissioners to issue the license, and protestants brought error to the Supreme Court of Oklahoma Territory, whence the cause was transferred to the Supreme Court of the state of Oklahoma. Dismissed.

*Phillips & Mills* and *George T. Webster,* for plaintiffs in error.

*Lowe & Babcock,* for defendant in error.

DUNN, J. On the 28th day of November, 1906, Henry Schafer filed his petition in the office of the county clerk of Custer county, praying that license to sell malt, spirituous, and vinous liquors at retail in the city of Weatherford be granted him. A protest was filed against the issuance of said license, and from the action of the board of county commissioners thereon, appeal was taken to the judge of the district court, and on a hearing the board of commissioners were directed to issue the license to the said applicant as prayed for in his petition. A motion for new trial was filed and overruled, and a petition in error with case-made was filed in the Supreme Court of the territory, and the

same is now before us for our consideration by reason of our succession to that court.

We are called on by plaintiffs in error to take up and consider the issues involved and render judgment in the case. Licenses by the local government to sell malt, spirituous, and vinous liquors are no longer issued in Oklahoma, and as no practical result could flow from any judgment which we might render, following the practice which has been adopted in this court in other cases of similar character, the case must be dismissed. The rule obtaining, with authority supporting it, is well stated by Mr. Chief Justice Kane in *Conly v. Overholser et al.,* 22 Okla. 623, 98 Pac. 331, an opinion recently handed down by this court wherein he states:

"Since the case was tried below, the territories of Oklahoma and Indian Territory have been erected into the state of Oklahoma, and constitutional prohibition prevails throughout the state. Under such circumstances this case falls fully within the rule laid down in *C., R. I. & P. Ry. Co. v. Territory,* 21 Okla. 329, 97 Pac. 265; *Freeman v. Board of Medical Examiners,* 20 Okla. 610, 95 Pac. 229; *Burkhalter v. Smith,* 20 Okla. 625, 95 Pac. 241, *Harman v. Burt,* 20 Okla. 509, 94 Pac. 528, and *Parker et al. v. Territory,* 20 Okla. 851, 94 Pac. 175, wherein it is held that 'the Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.' "

The cause is accordingly dismissed.

All the Justices concur.