### ALBRIGHT *et al.* v. ERICKSON.

No. 2197, Okla. T.    Opinion Filed May 12, 1909.

(102 Pac. 112.)

**APPEAL AND ERROR—Review—Abstract Propositions.·** Abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical result can follow, will not be determined by this court.

(Syllabus by the Court.)

*Error from District Court, Custer County; F. E. Gillette, Judge.*

Application by G. H. Erickson for a liquor license. J. H. Albright and others filed remonstrance. From a judgment affirming the judgment ·granting a license, Albright and others bring error. Dismissed.

On the 12th day of November, A. D. 1906, G. H. Erickson filed his application in the office of the clerk of Custer county, Okla. Ter., praying to have issued to him a license to sell at retail malt, vinous, and spirituous liquors in the town of Thomas. On the 24th day of November, A. D. 1906, J. H. Albright and others filed with the clerk of said county their remonstrance to the issuance of said license. The matter was heard before the board of county commissioners and the license ordered to be issued. An appeal was taken by the remonstrants to the district court, which affirmed the judgment of the board. Afterwards the

case was brought by petition in error to the Supreme Court of the territory of Oklahoma, and is now, by virtue of the provisions of the Enabling Act and the Schedule to the Constitution, properly before this court for determination.

*Phillips & Mills,* for plaintiffs in error.
*Noffsinger & Hinch,* for defendant in error.

WILLIAMS, J. (after stating the facts as above). Since the appeal was perfected to the Supreme Court of the territory of Oklahoma, said territory has been admitted as a part of the state of Oklahoma, and under the prohibition article of the Constitution (Bunn's Ed. § 499; Snyder's Ed. p. 394) a license for the sale of intoxicating liquors is forbidden. Consequently nothing could be availed by a decision of this case on its merits. It has several times been held by this court that it will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical result can follow. *Parker et al. v. Territory ex rel. Bostic,* 20 Okla. 851, 94 Pac. 175; *Harmon v. Burt,* 20 Okla. 509, 94 Pac. 528; *Freeman v. Board of Medical Examiners,* 20 Okla. 610, 95 Pac. 229; *Burkhalter v. Smith,* 20 Okla. 625, 95 Pac. 241; *C., R. I. & P. Ry. Co. v. Territory,* 21 Okla. 329, 97 Pac. 265; *Conly v. Overholzer et al.* 22 Okla. 623, 98 Pac. 331; *Braun v. Stillwater Advance Ptg. & Pub. Co.,* 22 Okla. 620, 98 Pac. 426; *Bachman et al. v. Thompson,* 22 Okla. 621, 98 Pac. 426; *Powell et al. v. Territory ex rel. Hayes, ante,* p. 406, 100 Pac. 514; *Hodges et al. v. Shafer, ante,* p. 404, 100 Pac. 537.

This case is dismissed without prejudice.

All the Justices concur.