## MOORE v. BOWERS *et al.*

### No. 5160.  Opinion Filed July 22, 1913.

### (133 Pac. 1127.)

**APPEAL AND ERROR — Abstract Cases.** Abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical result can follow, will not be determined by this court.

(Syllabus by the Court.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by John C. Moore against Peter Bowers and others.  Judgment for defendants, and plaintiff appeals.  Dismissed.

*John C. Moore,* for plaintiff in error.
*A. L. Zinser,* for defendants in error.

KANE, J.  This cause comes on to be heard upon a motion to dismiss upon, among others, the following ground:

"The decision of the Supreme Court in said cause would afford no actual relief and be followed by no practical results, for the reason that the only relief asked by the plaintiff in error is an injunction restraining the officers of the city of Enid from paying for certain fire apparatus purchased by them; that plaintiff in error filed no bond in the superior court, and no injunction, temporary or permanent, was ever issued by such court, and no restraining order was ever issued or even asked for; that subsequent to the decision in the superior court in said cause refusing plaintiff an injunction, and prior to the institution of proceedings in error in the Supreme Court, the city officers of the city of Enid paid for said fire apparatus, and the same was delivered to the city of Enid."

The foregoing is supported by the affidavit of the city clerk of the city of Enid, which comes before us entirely uncontroverted.  The case seems to belong to the same class as

*Freeman v. Board of Medical Examiners*, 20 Okla. 610, 95 Pac. 229, and the great array of cases which follow it, wherein it has been held that abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical result can follow, will not be determined by this court.

The cause must therefore be dismissed, without prejudice.

HAYES, C. J., and WILLIAMS and TURNER, JJ., concur; DUNN, J., absent.