# TOWN OF COVINGTON et al. v. COBERLY.

No. 19008.  Opinion Filed March 26, 1929.

G. A. Paul and McKeever, Moore & Elam, for plaintiffs in error.

Curran, Sturgis & Hill, for defendant in error.

JEFFREY, C.  On October 19, 1926, the town of Covington, incorporated under the general laws of the state of Oklahoma, held an election at which was submitted the proposition of the issuance of $35,000 worth of bonds for the construction of a gas pipe line system in said town.  The town was divided into three wards, but the county election board had designated only two election precincts in said town.  The president of the board of trustees of the town, in calling said election, designated only two polling places in which the voters could cast their votes, one of them being in ward 1 and the other in ward 2.  No polling place was designated for ward 3, and no election was held in said ward.  The result of the election was 81 votes in favor of the bonds, and 57 votes against the bonds.  The town having proceeded to issue and dispose of the bonds, and having, on October 18, 1927, entered into a contract with Earl W. Baker & Company to construct the gas pipe line, this action was begun on October 26, 1927, by W. L. Coberly, a resident taxpayer of Covington, to enjoin the town from issuing or negotiating said bonds and from carrying out said contract, and further to enjoin Earl W. Baker & Company, the contractor, from attempting to carry out its part of said contract.  The trial court found that the election was void, and made the injunction permanent against the town and the contractor.  From this judgment, both the town and the contractor appealed, but on July 19, 1928, by order of the board of trustees of the town, a written dismissal of the appeal as to the town was filed in this court, and thereafter a formal order of dismissal was entered.

Upon the dismissal of the appeal as to the town of Covington, the decree awarding a permanent injunction against it became final.  By the decree of the trial court, the election was held to be void, the town was enjoined from issuing and negotiating the bonds, and from in any manner carrying out the contract with the contractor.  When the town dismissed its appeal, plaintiff secured all final relief, in effect, that he asked for.  A decision on the merits of the appeal in plaintiff's favor would not secure him any additional actual relief.  A decision on the merits in favor of the contractor would not protect or secure any rights for the contractor as against plaintiff.  The town and the contractor were not antagonistic parties, and there was no issue between them.  It follows that there is nothing left to be adjudicated between plaintiff and the contractor.  No actual relief can be granted, and no practical result would follow a decision on the merits of the appeals.

"Abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical result can follow, will not be determined by this court." (Albright et al. v. Erickson, 23 Okla. 544, 102 Pac. 112.)

The appeal is therefore dismissed.

TEEHEE, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

SWINDALL, J., not participating.

By the Court: It is so ordered.