**Harriette Berniece WENDEL, Plaintiff in Error,**

**v.**

**W. E. WENDEL, Defendant in Error.**

No. 37730.

Supreme Court of Oklahoma.

Oct. 21, 1958.

George P. Striplin, Tulsa, for plaintiff in error.

E. C. Hopper, Eufaula, for defendant in error.

WELCH, Chief Justice.

On January 29, 1951, a decree of divorce was granted to plaintiff, Harriette Berniece Wendel, by the District Court of Oklahoma County, and the decree granted custody of the minor children, Ruth Ann Wendel, age 11, and William E. Wendel, Jr., age 8, to the plaintiff, and ordered the defendant W. E. Wendel to pay the sum of $150 per month to the plaintiff for child support. A motion to modify this order was filed by the defendant on June 19, 1956. An application for citation and application for court cost and attorney's fees were filed by the plaintiff on July 5, 1956. Evidence was heard by the court in support of the motion and the application on July 26, 1956, and the trial court made an order requiring the defendant to pay the amount of $100 which he found to be owing as child support under the previous order, the sum of $50 for expenses of attorney for plaintiff, together with the sum of $150 attorney's fee to plaintiff's attorney; the original order of the court was modified to grant custody of the minor child, Ruth Ann Wendel, to the defendant, and reduce the child support to be paid plaintiff, to the sum of $100 per month. It is from this order that plaintiff appeals.

■ The plaintiff argues under her first proposition that the trial court erred in basing his order changing the custody of the minor on a nonexisting statute, due to the fact that the court stated that the minor was over 14 years of age, and by statute has the right herself to designate the parent with whom she wished to live.

The record reveals that the minor was at the time of the hearing a daughter of 17 years and has now reached the age of 18 years, and is no longer a minor; See Title 15, Sec. 13, O.S.1951.

We are of the opinion, and so hold that this question has become moot. No order now made with reference to custody of daughter could be enforced by the court.

In the case of Town of Covington v. Coberly, 136 Okl. 20, 275 P. 1064, the Court held:

"'Abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical result can follow, will not be determined by this court.' Albright v. Erickson, 23 Okl. 544, 102 P. 112."

It is argued that the trial court should have allowed plaintiff expense money with which to prepare to defend against motion to modify, however, the record fails to reveal where the plaintiff was deprived of any equitable rights by such denial. Plaintiff in her testimony did not testify that $100 per month, the amount allowed by trial court, was insufficient. We must keep in mind that it was the defendant who filed application to modify and the only affirmative relief the plaintiff was requesting in this hearing was that the defendant be ordered to pay the $100 he was delinquent, expense money and attorney's fee, and the court allowed all of these, and allowed $100 for the support of one minor child, wherein the original order had only allowed $150 for the support of two minor children.

■ In the case of Smith v. Smith, Okl., 275 P.2d 997, 998, this Court held:

"Allowance of alimony and child support are matters within the discretion of the trial court, governed by consideration of justice and equity between parties, and the interest of society. The trial court's judgment thereon not against the clear weight of the evidence and not reflecting an abuse of discretion will not be disturbed."

The plaintiff also argues that statements of trial judge indicate deep feeling of bias

and prejudice, and that the court erred in refusing to hear evidence concerning the income of defendant.

We fail to find from the record where this is an abuse of discretion, or where plaintiff suffered any injustice as a result thereof.

The record does not reveal that the order of the trial court was against the clear weight of the evidence, therefore the judgment of the trial court will not be disturbed.

Judgment affirmed.