Mary Lou NUNN,
Appellant/Cross-Appellee,

v.

**Ralph A. STEWART and Farmers Insurance Company,**
Appellee/Cross-Appellant.

No. 62883.

Supreme Court of Oklahoma.

May 3, 1988.

Rex K. Travis, K.A., Brokaw, J. Hugh Herndon, Oklahoma City, for appellant.

Mike Noland, Linda Alexander, David Edmonds, Oklahoma City, for appellee.

### ORDER ON CERTIORARI

DOOLIN, Chief Justice.

Appellant, Mary Lou Nunn, has sought writ of certiorari from this Court to obtain review of an opinion rendered in this case by the Court of Appeals, Oklahoma City Divisions on March 12, 1986. This Court has previously granted the requested writ.

Two issues were raised in appellant's petition for certiorari. The first issue concerns the Court of Appeal's ruling that a written rejection is mandated by 36 O.S.1981 § 3636(F) only as to the total rejection of uninsured motorist coverage. We do not find this issue to be proper for address by this Court. The import of the Court of Appeals' ruling in favor of appellant on the question of the insurer's (appellee's) duty to affirmatively offer limits of uninsured motorist coverage equal to the liability limits of the relevant policies was to award appellant the benefit of coverage equal to the higher liability limits. No actual relief could result to appellant from our examination of this question on certiorari. See *Town of Covington v. Coberly,* 136 Okla. 20, 275 P. 1064 (1929).

The second issue raised by appellant, however, we find to be meritorious. The Court of Appeals, in regard to the question of the date from which interest should be due on the sums payable under the uninsured motorist provisions of the policies covering appellant, properly stated that under 23 O.S.1981 § 22:

> "The law in Oklahoma is that where the obligation is to pay money, and that obligation is fixed, and the only thing to be determined is the amount, interest will attach from the time the obligation arises." ...

The Court of Appeals then correctly stated that the obligation to pay under the uninsured motorist provisions did not arise until the liability of the uninsured motorist was

fixed. The Court of Appeals then incorrectly held that this liability did not become fixed until judgment was rendered by the trial court. A review of the record indicates that appellee confessed the liability of the uninsured motorist as of June 25, 1983.

IT IS THEREFORE ORDERED that the Court of Appeals' opinion rendered in this case is hereby MODIFIED to reflect that interest on the amount due to appellant from appellee under the uninsured motorist provisions of the policies covering her shall run from the date of June 25, 1983 until paid, pursuant to the terms of 23 O.S.1981 § 22. The Court of Appeals' opinion is AFFIRMED AS MODIFIED. The Court of Appeals' opinion is WITHDRAWN FROM PUBLICATION.

HODGES, LAVENDER, SIMMS, OPALA, KAUGER and SUMMERS, JJ., concur.

ALMA WILSON, J., dissents.

HARGRAVE, V.C.J., disqualifies.

ALMA WILSON, Justice, dissenting:

The following facts have been stipulated by the parties in this case:

(1) On July 21, 1977 Ralph Stewart struck the insured with his car and injured her. The insured was a pedestrian at the time of the accident.

(2) The accident was entirely the fault of Ralph Stewart.

(3) Farmers insured Ralph Stewart under an automobile liability policy and paid the $10,000 limit to the insured, pursuant to the policy owned by Stewart.

(4) At the time of the accident, insured and her husband, now deceased, owned three vehicles which were also insured by Farmers. One vehicle had a $25,000 liability limit, while the other two were insured with only $10,000 liability limits. Each of these policies stated an uninsured motorist limit of $5,000 per person and $10,000 per accident, with $2,000 medical payment limits. Farmers has paid insured $5,000 of UM coverage.

(5) Insured's damages equal or exceed $51,000, the amount which the insured claims she is entitled to, should the court rule in her favor.

(6) *Farmers did not offer insured or her husband UM limits of coverage equal to the liability limits in the insured's policies.* [Emphasis supplied.]

Applying the unadulterated Oklahoma Uninsured Motorist Law, as plainly stated at 36 O.S.1981 § 3636(B) and (F) to the undisputed facts of this case, *above*, it is manifestly clear that the insurer, Farmers Insurance Company, failed to comply with its statutory duty to offer the uninsured motorist coverage to which the insured is entitled, absent written rejection.

The applicable law states as follows:

(B) ".... [Uninsured Motorist] Coverage shall be not less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of Section 7–204 of Title 47, Oklahoma Statutes, as the same may be hereafter amended; provided however, that INCREASED LIMITS OF LIABILITY SHALL BE OFFERED and purchased if desired, not to exceed the limits provided in the policy of bodily injury liability of the insured...." [*Emphasis added.*]

(F) "The named insured SHALL HAVE THE RIGHT TO REJECT SUCH UNINSURED MOTORIST COVERAGE IN WRITING, ...."

According to the statutory directive, *above*, an insured has the *right* to reject in writing "such" uninsured motorist coverage as is required to be offered by the terms of the preceding statutory subsections, (A) through (E), of § 3636. *The language of the statute does not constrict the mandate only to minimum third-party liability limits provided by Section 7–204 of Title 47, Oklahoma Statutes.* Rather, the statute directs that [first-party] uninsured motorist coverage shall be not less than the requirements of Section 7–204 *and* shall be not more than (i.e., "shall not exceed") the insured's increased policy limits of [third-party] bodily injury liability as provided in the insured's policy.

The clear intention of our legislature in amending the Uninsured Motorist Law of this State was to grant to responsible motorists who have purchased a specified

quantity of liability insurance for the protection of others the opportunity to purchase the same quality and quantity of protection for themselves. Within the parameters of this legislatively conferred "Golden Rule", it is the corresponding duty of an insurer to offer the coverage and to provide proof of compliance with the statutory mandate by reference to an endorsement providing the coverage or by procuring a valid written rejection of the coverage. Nevertheless, this Court's majority continues to ignore the clear intent of the legislative mandate where the insured has purchased third-party coverage beyond the required minimum. This refusal to take cognizance of the statutory directive should spark legislative action to *re* mandate:

(1) that first-party uninsured motorist coverage be not less than the minimum financial responsibility requirements for third-party liability, as provided in Section 7–204; and,

(2) that at the time an insured purchases third-party liability limits in excess of the minimum required by Section 7–204, such increased limits must be *offered* and *rejected in writing* as to first-party uninsured motorist coverage.

In the present case, it is undisputed that the insurer failed to offer the increased limits of liability coverage to the insured. The insurer, consequently, could not provide a written rejection of such uninsured motorist coverage. Based upon the facts of this case and the applicable law, I am convinced that this Court's Order which refuses to examine the issue of uninsured motorist coverage on certiorari to the Opinion of the Court of Appeals is in error. I dissent.