**Michael Ray PHILLIPS and Sandra Kay Phillips, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois insurance company, Appellee.**

No. 77419.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 16, 1993.

Jack B. Sellers, Jack B. Sellers Law Associates, Inc., Sapulpa, for appellants.

David D. Wilson, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

In appealing a trial court judgment entered on a jury verdict, Appellants argue the trial court should have excused certain jurors for cause and added prejudgment interest to the $75,000 jury verdict in their favor against Appellee (State Farm), their uninsured motorist insurance carrier. Although we conclude the Appellants suffered no prejudice as a result of the first allegation of error, the trial court should have added prejudgment interest.

Michael Phillips was injured March 25, 1988 when James Bill King drove his car left of the center on Highway 66 near Chandler, Oklahoma and struck the side of Phillips' truck. Sandra Kay Phillips' claim is for derivative damages based on her husband's injuries. The Phillips settled with King on February 7, 1991. They executed a partial release of their claims, reserved any subrogation rights State Farm might claim as an uninsured carrier against King, and were paid King's $25,000 liability coverage limits. They sought to recover further damages under two uninsured motorist policies issued by State Farm. After trial on March 20 and 21, 1991, a jury awarded Michael $65,000 and Sandra $10,-000. On May 1, 1991 State Farm paid $50,000, the sum of the limits under the Phillips' two uninsured motorist policies.

█ Even if we decided the trial court should have excused the challenged juror, which we do not decide, the Phillips would not be entitled to reversal. They have shown no prejudice. Errors not prejudicial to the complaining party provide no ground for reversal on appeal. *R.J.B. Gas Pipeline Co. v. Colorado Interstate Gas Co.,* 813 P.2d 1 (Okla.App.1990); *see also Kansas City Southern Ry. Co. v. Johnston,* 429 P.2d 720, *certiorari denied,* 389 U.S. 985, 88 S.Ct. 481, 19 L.Ed.2d 471. The Phillips do not contend the jury verdict was inadequate under the evidence, and the jury verdict allowed them to recover the maximum amount available under their policies with State Farm.

█ The Phillips also argue the trial court should have added prejudgment interest on the verdict from the date a reasonable carrier "should have" admitted the uninsured motorist had liability. They argue the facts of the accident show State Farm had no reason to deny liability under the policies. They argue King's liability was clear from the date of the accident and an admission "should have" come sooner. The trial court added no prejudgment interest.

The Phillips recognize that *Nunn v. Stewart,* 756 P.2d 6 (Okla.1988) held an uninsured motorist insurance carrier is liable for prejudgment interest only from the date the carrier admitted the liability of the uninsured tortfeasor, but argue that the principle announced in *Nunn* should be extended. However, we are bound by *Nunn.*

On the other hand, State Farm argues it has no liability for prejudgment interest. It suggests the rule adopted in *Nunn* is not applicable to this case because King was not "uninsured" but "underinsured". *Nunn* based the carrier's liability for prejudgment interest on 23 O.S.1981 § 22, and adopted a Court of Appeals statement that:

> The law in Oklahoma is that where the obligation is fixed, and the only thing to be determined is the amount, interest will attach from the time the obligation arises.

*Nunn,* 756 P.2d at 6. Because King had some liability insurance, State Farm argues its obligation to the Phillips was not "fixed" until it was determined their damages exceeded King's policy limits.

This argument overlooks the facts in *Nunn.* According to Justice Wilson's dissent, the tortfeasor was not "uninsured" but "underinsured". *Nunn,* Wilson, J. dissenting, 756 P.2d at 7. Under the rule announced in *Nunn,* State Farm's liability became "fixed" for purposes of prejudg-

ment interest when it admitted the liability of the tortfeasor.

State Farm also argues payment of prejudgment interest is subject to the policies' limits for damages. Since it has paid those limits, State Farm claims it has satisfied its liability to the Phillips. Although State Farm's contractual liability is for "damages" up to the policy limits, that does not mean State Farm is not liable for prejudgment interest beyond those limits. Interest is not an element of damages in a personal injury actions. *Fleming v. Baptist General Convention,* 742 P.2d 1087 (Okla.1987). Rather, it is imposed to compensate for the loss of use of funds which were properly payable. *Fleming v. Baptist General Convention,* 742 P.2d at 1096.

Further, under 36 O.S.1991 § 3636, all uninsured motorist policies issued in Oklahoma must offer coverage equal to the limits set in 47 O.S.1991 § 7–204, including any liability coverage over the minimum set in § 7–204. *Barfield v. Barfield,* 742 P.2d 1107 (Okla.1987). Under § 7–204, limits are stated to be "exclusive of interest and costs." Were we to adopt the construction urged by State Farm, and include prejudgment interest in the coverage limits, the uninsured motorist coverage available would not equal the liability limits.

We reject the construction urged by State Farm. The legislative intent is clear from a reading of the § 3636. Though § 3636 does not directly address interest and costs, for the limits under § 7–204 and § 3636 to be equal, both limits must be construed to be "exclusive of interest and costs." *See Midwest City v. Harris,* 561 P.2d 1357 (Okla.1977).

Though the record designated on appeal does not contain a memorialization of State Farm's admission King was negligent, the briefs filed by the parties agree that this event occurred on March 19, 1991. We accept this admission as supplementing the record. *Deffenbaugh v. Hudson,* 791 P.2d 84 (Okla.1990). Once King's liability was established via this admission, State Farm was liable under the uninsured motorist policies. Prejudgment interest should have been assessed from March 19, 1991 until judgment was rendered.

The trial court should have added to the verdict prejudgment interest computed on the $50,000.00 due from State Farm from March 19, 1991, when State Farm admitted King was at fault, until entry of judgment. Accordingly, the judgment must be reversed and remanded for entry of an order assessing prejudgment interest.

REVERSED AND REMANDED WITH INSTRUCTIONS.

GARRETT and JONES, JJ., concur.