992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eugene T. FOUST, Plaintiff-Appellant,
and
Mary Ann Johnson Foust, Plaintiff,
v.
STATE OF OKLAHOMA, DEPARTMENT OF HUMAN SERVICES; Attorney
General of the State of Oklahoma; Margaret Ann
Johnson, an alleged deprived child,
Defendants-Appellees.
 No. 92-5197.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a pro se appeal from an order of the district court denying habeas corpus relief.
 
 
 3
 The facts surrounding this case are essentially as follows: Mr. Foust was the stepfather (by virtue of a common-law marriage) of a minor female. Mr. Foust was convicted for "lewd molestation" of his stepdaughter and was confined to an Oklahoma Corrections Center where he is presently incarcerated. Apparently there was a separate jury trial in which the minor child was "adjudged to be deprived." This was followed by another action where the Oklahoma Courts deprived both Mr. Foust and the minor child's natural mother of parental rights and placed the child in the custody of the State of Oklahoma Department of Human Services. Mr. Foust filed a pro se complaint in district court seeking habeas corpus relief. Mr. Foust alleged his constitutional rights were violated in various ways when his parental rights to his stepdaughter were terminated in the Oklahoma Courts and asked for an order restoring his parental rights.
 
 
 4
 The district court dismissed the habeas corpus petition for lack of subject matter jurisdiction reasoning that Mr. Foust was not a person in custody as required by 28 U.S.C. § 2254 (1988). See Maleng v. Cook, 490 U.S. 488, 490 (1989). The district court denied a certificate of probable cause for this appeal.
 
 
 5
 In his appeal, Mr. Foust attacks the judgment terminating parental rights and asserts he was denied counsel for the purposes of prosecuting an appeal; was denied a record on appeal; was denied the opportunity to defend; asserts prosecutorial misconduct; and was denied many other rights by the state court. He asks us to reverse the district court's decision denying habeas corpus relief and remand for a trial. We grant permission for Mr. Foust to appeal in forma pauperis and affirm.
 
 
 6
 Mr. Foust has selected the wrong remedy. Mr. Foust's complaint expressly states it is being maintained pursuant to 28 U.S.C. § 2254. To maintain an action under 28 U.S.C. § 2254, Mr. Foust must show he is " 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91. This he has not done. Mr. Foust does not attack the conviction which placed him in custody, but instead attacks the wholly separate state court ruling which deprived him of parental rights over his stepdaughter. Even if we apply the most liberal construction of Mr. Foust's pleadings imaginable and assume he is bringing this action on behalf of his stepdaughter, the district court still would not be able to grant relief for a variety of reasons including the lack of necessary parties.
 
 
 7
 Mr. Foust's original complaint and supporting brief, as well as his brief to this court, contain voluminous citations of legal authority, most of which are irrelevant to the issues presented by this appeal and for that reason warrant no discussion.
 
 
 8
 We note this is not the first time Mr. Foust has presented this court with these issues. Mr. Foust previously commenced an action pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 alleging various state actions had deprived him of his civil rights, in part relating to essentially the same issues. Mr. Foust was denied relief. See Foust v. Chorost, No. 90-5018, Order and Judgment, Jan. 15, 1991.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3