F I L E D
United States Court of Appeals
Tenth Circuit

MAR 21 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EUGENE T. FOUST,

      Petitioner - Appellant,

v.

STATE OF OKLAHOMA,
DEPARTMENT OF HUMAN
SERVICES,

      Respondent - Appellee.

No. 00-5166
(D.C. No. 90-CV-792-E)
(N. District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Eugene T. Foust, appearing pro se, seeks a certificate of appealability

("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the dismissal of his

amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. We grant

permission for petitioner to appeal in forma pauperis, deny COA, and dismiss the

appeal.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks return of parental rights with respect to his minor stepdaughter. The claims he asserts are based on state court rulings in Tulsa County, Oklahoma, terminating his rights and the rights of the child's mother, his common-law wife, as to the child. In 1990, the district court dismissed petitioner's original habeas petition for lack of subject matter jurisdiction, and this Court affirmed. Foust v. Okla. Dep't of Human Servs., No. 92-5197, 1993 WL 118893, at *1 (10th Cir. Apr. 16, 1993). On May 18, 1999, the district court dismissed petitioner's amended petition because the minor child was not "in custody" for the purposes of a federal habeas claim. Foust v. Oklahoma, No. 90-C-792-E, slip order at 2 (N.D. Okla. May 18, 1999).

As this Court observed when this matter was before us in 1993, "Mr. Foust has selected the wrong remedy." Foust, 1993 WL 118893, at *1. Section 2254 does not confer jurisdiction on federal courts to review state court judgments involuntarily terminating parental rights. Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986) (citing Lehman v. Lycoming County Childrens' Servs. Agency, 458 U.S. 502, 516 (1982)).

To maintain an action under § 2254, a petitioner must be "in custody" under the challenged conviction or sentence at the time his petition is filed. Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (citation omitted). Petitioner is not attacking the conviction for which he is in custody, but a state court ruling

terminating parental rights. His stepdaughter was in foster care at the time of his original and amended petitions for habeas relief, and "[t]he 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas." Anderson, 793 F.2d at 263 (internal quotation omitted).

On appeal, petitioner argues that the district court erred in treating his suit as a § 2254 action because, although his petition was entitled "Amended Petition for Writ of Habeas Corpus," the claims it presented were brought under the Indian Child Welfare Act and the Indian Civil Rights Act. As the district court stated in an order denying petitioner's motion for rehearing, petitioner may not raise those new claims now that his original petition has been dismissed and that dismissal has been affirmed by this Court on appeal. Instead, he must file a new civil lawsuit in order to assert new claims.

Finally, we note that because petitioner's stepdaughter is now nineteen years of age, the question of her custody has become moot. See Wendel v. Wendel, 331 P.2d 370, 371 (Okla. 1958) (holding that because plaintiff's daughter was eighteen and "[n]o order now made with reference to [her] custody . . . could be enforced," the matter of her custody had become moot) (citing Okla. Stat. Ann. tit. 15, § 13 (providing that "[m]inors . . . are persons under eighteen (18) years of age")); see also Okla. Stat. Ann. tit. 10, § 10(3)

("The authority of a parent ceases . . . [u]pon [the child's] attaining majority.");
Okla. Stat. Ann. tit. 43, § 551-102 ("'Child' means an individual who has not
attained eighteen (18) years of age.").

Because petitioner has not made "a substantial showing of the denial of a
constitutional right," we decline to grant COA. 28 U.S.C. § 2253(c)(2).

The motion to proceed in forma pauperis is **GRANTED**. The application
for COA is **DENIED**. This matter is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge