PITTMAN, Judge.
Judy Faust (“the mother”) appeals, and Bryan W. Knowles (“the father”) cross-appeals, from a judgment of the Marshall Circuit Court entered in a postdivorce modification proceeding and in a related civil action brought by the mother and the parties’ children, Andrew W. Knowles (“the son”) and Patricia Tana Knowles (“the daughter”) seeking equitable relief as to certain custodial financial accounts containing funds alleged to belong to the son. We affirm in part and reverse in part as to the appeal; affirm as to the cross-appeal; and remand.
This is the second time that the mother and the father have appeared before this court. In Faust v. Knowles, 952 So.2d 380 (Ala.Civ.App.2006), this court noted that the parties had exercised true joint custody of the son and the daughter under the terms of their agreed divorce judgment; that the son was “13 years old and [the] daughter ... was 10 years old” when a previous modification action had been heard in February 2004; and that the trial court had, in October 2004, declined to modify the custody provisions of that judgment. Id. at 381-82. In Faust, we reversed the trial court’s decision not to modify custody, concluding that the trial court had applied an improper custody standard; however, the trial court, on remand, did not enter a judgment con *831 forming to this court’s mandate until September 2009. In the September 2009 judgment entered on remand, the mother was awarded primary physical custody of the son, but the daughter’s joint custody was not changed.
In January 2010, the son and the mother brought a civil action against the father and the investment bank that had allegedly held funds belonging to the son in a custodial account under the control of the father; in that action, the son and the mother sought a judgment directing the father to provide an accounting and requiring the father to cease disbursement of funds in the custodial account. A motion was filed in that action in May 2010 seeking to add the daughter as a plaintiff, who claimed to have a custodial financial account at the same financial institution. Although the father filed an answer generally denying the allegations of the complaint, he subsequently filed a counterclaim in which he averred that the moneys deposited in the children’s custodial accounts had been given to him by the father’s parents for the educational benefit of the children, i.e., to defray college costs not covered by prepaid-college-tuition plans acquired on behalf of the children; he sought a judgment declaring that he was the actual owner of the accounts or, in the alternative, a judgment against the plaintiffs for money paid by mistake.
At the same time that the civil action regarding the custodial accounts was pending, the father filed pleadings seeking a finding of contempt against the mother for having allegedly failed to allow him to have contact with the daughter and a modification of the divorce judgment to award him sole custody of the daughter; the mother filed an answer denying the father’s right to relief, and she asserted a counterclaim seeking sole custody of the daughter and both child support and postminority educational support. Pendente lite custody of the daughter was awarded to the mother pending a final hearing, and the mother subsequently asserted a contempt claim against the father stemming from his alleged refusal to pay legitimate expenses of the children.
In November 2010, the trial court held a trial as to all claims of the mother, the father, and the children in both actions. At that trial, the mother, the father, the children, and the father’s mother testified regarding the substantive issues in controversy, and all parties appearing at trial agreed that the investment bank was not a proper party to the action. The trial court subsequently entered a judgment awarding the mother primary physical custody of the daughter, subject to the father’s visitation rights; directed the father to pay $346 per month in child support based upon an express deviation from the Rule 32, Ala. R. Jud. Admin., child-support guidelines; directed both parents to maintain health insurance with respect to the daughter; directed the father to pay $6,035.49 to the mother for unpaid college-education expenses and medical expenses of the children; and otherwise denied all other requests for relief. The mother’s timely postjudgment motion to alter, amend, or vacate the judgment averred, among other things, that the trial court had erred in determining the father’s child-support obligation as to the daughter, had erred in declining to find him in contempt, and had erred in failing to address the claims that the father was improperly disbursing moneys from the custodial accounts. The trial court denied that motion. The mother appealed and the father cross-appealed from the trial court’s judgment; the son and the daughter are not parties to the appeals.
We will first address the father’s cross-appeal, in which he primarily con *832 tends that the trial court acted outside its discretion in failing to award him custody of the daughter. We note that during the pendency of these appeals, the daughter (whose birthday is February 25, 1993) reached the age of majority. Because the daughter is now an adult (see § 26-1-1, Ala.Code 1975), her custody is no longer the subject of controversy, and this court cannot grant effective relief. The father’s contention that the trial court erred in denying his petition for custody as to the daughter is therefore moot. E.g., Wendel v. Wendel, 331 P.2d 370, 371 (Okla.1958) (when, pending appeal from custody-modification judgment, child reached age of majority, question of propriety of judgment became moot). Thus, the trial court’s judgment is due to be affirmed as to that issue. 5 Am.Jur.2d Appeal & Error § 932 (1962) (“A judgment or order may be affirmed without consideration of the merits of the case where the question has become moot.”); accord 5 C.J.S. Appeal & Error § 1024 (2007); see also L.R.M. v. D.M., 962 So.2d 864, 872 n. 7 (Ala.Civ.App.2007) (holding that issue of propriety of award of custody of child to paternal grandparents for six-month period was moot because six months had elapsed). Further, because the father’s principal brief contends that the trial court’s judgment as to child support should be reversed only in the event that this court reverses that judgment as to the custody issue, his cross-appeal is, as to the second issue, predicated upon the happening of an event that has not taken place, which warrants affirmance as to that issue as well. See Bess v. Waffle House, Inc., 824 So.2d 783, 787 (Ala.Civ.App.2001) (affirming as to conditional cross-appeal when the condition on which the pertinent argument was predicated had not occurred).[1]
We now turn to the issues raised in the mother’s appeal. The mother first contends that the trial court erred in calculating child support with respect to the daughter. The record reflects that the trial court prepared a Form CS-42 to determine the support payable under the Rule 32, Ala. R. Jud. Admin., child-support guidelines, utilizing a Form CS^U income-affidavit form supplied by the father. The father’s Form CS-41 listed the father’s monthly income as $4,386, an amount considerably less than the father’s pay stubs indicated that he was actually earning; that form also noted that the father was paying $551.01 per month for health-insurance coverage for the daughter. The trial court’s judgment indicates that the trial court had calculated the guidelines amount of support based upon those figures, but the court deviated upward by $200. In a response to the mother’s postjudgment motion, counsel for the father candidly admitted that the monthly income listed on the father’s Form CS-41 was obtained by dividing the father’s year-to-date income as shown on a pay statement dated October 2010 by 12 months rather than by 10 months, but the father’s counsel contended that the trial court’s inclusion of the father’s health-insurance premiums in its calculations was warranted because both parties had been required to provide coverage for the daughter in the judgment. The trial court did not modify its judgment in response to the mother’s motion or the father’s averments, however.
We agree with the mother that the trial court, in making its determination *833 concerning what the guidelines would require of the father in terms of child support, erred in using an erroneous income figure. We reverse the trial court’s child-support determination and remand for that court to recalculate the father’s child-support obligation under the guidelines using the correct income figure and to enter a child-support determination that either conforms to the proper application of the guidelines or that validly and explicitly deviates therefrom. However, we will not disturb the trial court’s inclusion of the father’s health-insurance premiums in its guidelines calculations given that court’s express determination that both parents should carry health insurance on the daughter, who was shown to have been diagnosed with mental-health conditions, because of the existence of her mental-health conditions. As we suggested in Volovecky v. Hoffman, 903 So.2d 844, 848 & n. 3 (Ala.Civ.App.2004), a court considering an issue of support for minor children might well determine that “it would be appropriate to impose on both parents an obligation to provide insurance covering the children, even if there is some degree of overlap in the policies” and even though the general rule is that “a child-support obligation will be calculated using the premium for a single health-insurance policy covering medical expenses.”
We next consider the mother’s contention that the trial court erred in declining to address the issues raised in the civil action brought by her and the children regarding the custodial accounts.[2] As the trial court noted during the trial, whether to order an accounting with respect to accounts created pursuant to the Uniform Transfers to Minors Act (“UTMA”), Ala. Code 1975, § 35-5A-1 et seq., is a matter of trial-court discretion. See Ala.Code 1975, § 35-5A-20(c). The father testified at trial that he had not utilized any of the funds in the custodial account established for the benefit of the daughter, but he admitted that he had used a portion of the funds in the son’s custodial account to satisfy the son’s educational expenses in lieu of making payments from the father’s other earnings or assets; although the father testified that the son’s account had contained approximately $13,000 in 2007 (i.e., when the son’s paternal grandfather had died and custodial control of the funds had passed to the father), the account had been reduced, by stock-market declines and educational expenditures, to between $8,000 and $9,000 at the time of trial. The father further testified that the funds in the custodial accounts had been gifts to him from the paternal grandparents and that the intent of the gifts was so that the father would pay, in his words, “my half of the college expenses” of the son and the daughter.
It is true that, under Alabama law, a trial court considering whether to establish a postminority-support obligation as to a party’s child pursuant to Ex parte Bayliss, 550 So.2d 986, 987 (Ala.1989), is to consider “all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child ” (some emphasis in original; some emphasis added); see also Goetsch v. Goetsch, 66 So.3d 788, 791 (Ala.Civ.App.2011). It may likewise be presumed that similar considerations of the child’s resources would be pertinent in a proceeding to modify such a postminority-support obligation. However, the trial *834 court in this case was not called upon to establish or modify an obligation to provide postminority support; rather, it was called upon to interpret and enforce a preexisting obligation that had been in place since 2000, when the trial court’s divorce judgment had ratified the agreement of the mother and the father to equally share all costs not covered by other sources such as the children’s prepaid-college-tuition plans.
 Although it is correct to say that, under the UTMA, a custodian of funds for a minor beneficiary may generally disburse funds from a custodial account for the benefit of that minor’s education, such an expenditure is, as a matter of law, “in addition to, not in substitution for, and does not affect any obligation of a person to support the minor.” Ala.Code 1975, § 35-5A-15(c). The trial court’s judgment in this particular case directly contravened § 35-5A-15(c) because that judgment, in effect, ratified the father’s unilateral use of the son’s funds as a substitute for the father’s funds, thereby prejudicing the interests of not only the son, but also the mother (who necessarily received no benefit as to her half of unsatisfied postminority educational expenses incurred by the son). We must therefore reverse the trial court’s judgment to the extent that that court did not apply § 35-5A-15(c), and we remand for a determination of what expenditures were made by the father from the son’s custodial account in substitution of the father’s duty to pay half of the son’s unsatisfied college expenses.
The mother finally contends that the trial court erred in declining to find the father in contempt. However, her one-page argument to the effect that the father has “willfully and wantonly refused to obey orders of the trial court” cites as authority only the definition of civil contempt contained in Rule 70A(D), Ala. R. Civ. P., and directs this court to no provision of a previous court order that the father has un-disputedly willfully violated. Thus, the mother has not presented an argument warranting reversal as to that issue. See Walden v. Hutchinson, 987 So.2d 1109, 1121 (Ala.2007) (authority supporting only general propositions of law will not constitute a sufficient argument for reversal).
Based upon the foregoing facts and authorities, the judgment of the trial court is affirmed except as to the child-support award with respect to the daughter and the failure to address the mother’s contentions that the father improperly utilized the son’s funds to satisfy the father’s own support obligation. The causes are remanded for further proceedings as to those issues.
AFFIRMED IN PART AND REVERSED IN PART AS TO THE APPEAL; AFFIRMED AS TO THE CROSS-APPEAL; CAUSES REMANDED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. The father filed, during the pendency of these appeals, a motion seeking leave to file a petition in the trial court to modify his child-support obligation; that motion was submitted for decision along with the appeals. Because the daughter has attained the age of majority, we conclude that a change in circumstances warranting a modification of the father’s child-support obligation has occurred; therefore, his motion is granted.

. We reject the father’s contention that this issue was not preserved for appellate review; the mother’s pretrial statement, her elicitation of trial testimony from the parties, and her postjudgment motion all invoke, or at least pertain to, her claim that the father had misappropriated funds belonging to the son and the daughter.